**KENNEDY et al. v. SILAS MASON CO.**

**Civ. A. No. 1594.**

District Court, W. D. Louisiana,
Shreveport Division.

March 25, 1947.

930

Turner Morgan, D. L. Baker and Booth, Lockard & Jack, all of Shreveport, La., for plaintiff.

Cook, Clark & Egan, M. E. Lafargue, U. S. Atty., and W. J. Fleniken, Asst. U. S. Atty., all of Shreveport, La., for defendant.

DAWKINS, District Judge.

After full consideration of the briefs and arguments in support of the motions for a new trial, I am convinced that this and the large number of similar cases filed in this court, not yet passed upon, can not be determined by the application of the provisions of the Act of July 2, 1940, public No. 703, 54 Stat. 712, 50 U.S.C.A.Appendix, § 1171, referred to in the former opinion herein, since no such issue has been raised by the pleadings.

However, there has been no change in my views as to the nature of the business and activities involved. It is still thought that no commerce, as such, was involved, but that the whole enterprise was one of making and delivering to the Government at the plant of munitions of war, used and to be used in the prosecution of the global conflict in which this nation was then engaged. For this reason, as well as those announced in the original opinion, the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq., has no application.

Insofar as the manufacture of fertilizer is concerned, it is sufficient to say that none of the plaintiffs allege or claim that they were employed or engaged in any such work, but their duties were entirely in connection with the making and handling of munitions of war and the materials out of which they were made.

My conclusion, therefore, on rehearing, is that the defendant is entitled to a summary judgment as prayed for, rejecting the demands of the plaintiffs.

Proper decrees should be presented.