GRAZESKI et al. v. FEDERAL SHIP-BUILDING & DRY DOCK CO.

Civ. No. 9676.

District Court, D. New Jersey.

April 16, 1948.

Rothbard, Harris & Oxfeld and Samuel L. Rothbard, all of Newark, N. J., for plaintiffs.

Stryker, Tams & Horner and Walter F. Waldau, all of Newark, N. J., for defendant.

Edgar H. Rossbach, U. S. Atty., and Roger M. Yancey, Asst. U. S. Atty., both of Newark, N. J., for the Government.

MEANEY, District Judge.

This action, presently before the Court on defendant's motion to dismiss, was brought by plaintiff, Stanley Grazeski, and some twenty-five present and former employees of the defendant who are named in the schedule annexed to the complaint. The action is brought under and pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq., to recover unpaid overtime compensation and an additional equal amount as liquidated damages pursuant to provisions of 29 U.S.C.A. § 216(b). Jurisdiction is further asserted under 28 U.S.C.A. § 41(8), as arising under laws regulating interstate commerce. The complaint herein was filed January 31, 1947. No amendments thereto have been filed. The complaint is based on the allegations that defendant failed to comply with Sec. 7 of the Act, 29 U.S.C.A. § 207, which provides, interalia: "No employer shall * * * employ any of his employees who is engaged in commerce or in the production of goods for commerce * * * (for specified hours) unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

The allegations of the complaint set forth such overtime work as has become known, following the decision in Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 66 S.Ct. 1187, 90 L.Ed. 1515, as portal to portal activities. A vast number of such cases involving enormous sums of money, estimated as of January 31, 1947 at over $5,000,000,000.00, was instituted on behalf of thousands upon thousands of employees in various industries. Thereafter, because, among other things, it feared the effects of such uncontemplated claims and their enforcement on the general economy, the Congress passed the Portal-to-Portal Act of 1947, approved May 14, 1947, 29 U.S.C.A. § 251 et seq. In effect this act was an amendment to the Fair Labor Standards Act of 1938.

By its terms, employers were relieved of liability or punishment for failure to pay certain overtime compensation as provided for under the Fair Labor Standards Act, as amended, the Walsh-Healey Act, 41 U.S.C. A. § 35 et seq., or the Bacon-Davis Act, 40 U.S.C.A. § 276a et seq., except for activities compensable by either;

"(1) an express provision of a written or nonwritten contract in effect, at the time of such activity, between such employee, his agent, or collective-bargaining representative and his employer; or

"(2) a custom or practice in effect, at the time of such activity, at the establishment or other place where such employee was employed, covering such activity, not inconsistent with a written or nonwritten contract, in effect at the time of such activity, between such employee, his agent, or collective-bargaining representative and his employer." § 252(a).

Insofar as this aspect of the problem is concerned, the plaintiffs contend that such a provision is unconstitutional because the rights which they seek to enforce, and of which this provision of the Act would deprive them, are vested rights, by virtue of contractual obligation and by virtue of statutory enactment. This is a fruitful field for discussion and has furnished subject matter for a number of decisions in various courts throughout the country.

However, all discussion of this phase of the question is dependent on the primary question of jurisdiction.

It is elementary that in all suits instituted in Federal Courts, jurisdiction must be alleged affirmatively, and failure to plead jurisdictional facts is fatal to the maintenance of action. (McNutt v. General Motors, etc., Corp., 298 U.S. 178, at page 189, 56 S.Ct. 78, 80 L.Ed. 1135). In the instant suit, as has been indicated, jurisdiction is predicated on the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq., as well as on the provisions of the Act establishing original jurisdiction in district Courts of the United States, 28 U.S.C.A. § 41(8).

But there is a further factor to be considered in this connection. All federal

courts are creatures of the Congress of the United States, with the exception of the Supreme Court, which is constitutionally created. The jurisdiction of the Supreme Court is original in some instances and appellate in all others, as provided for in the Constitution. All other federal Courts are dependent on the will of Congress for their existence and for the nature and extent of their jurisdiction. In the case of Kline v. Burke Constr. Co., 260 U.S. 226, at page 234, 43 S.Ct. 79, 82, 67 L.Ed. 226, 24 A.L.R. 1077, the Supreme Court, citing previous decisions, said: "Only the jurisdiction of the Supreme Court is derived directly from the Constitution. Every other court created by the general government derives its jurisdiction wholly from the authority of Congress. That body may give, withhold or restrict such jurisdiction at its discretion, provided it be not extended beyond the boundaries fixed by the Constitution. Turner v. Bank of North America, 4 Dall. 8, 10 L.Ed. 718; United States v. Hudson & Goodwin, 7 Cranch 32, 3 L.Ed. 259; Sheldon v. Sill, 8 How. 441, 448, 12 L.Ed. 1147; Stevenson v. Fain, 195 U.S. 165 [25 S.Ct. 6, 49 L.Ed. 142]. The Constitution simply gives to the inferior courts the capacity to take jurisdiction in the enumerated cases, but it requires an act of Congress to confer it. Mayor v. Cooper, 6 Wall, 247, 252, 18 L.Ed. 851. And the jurisdiction having been conferred may, at the will of "Congress, be taken away in whole or in part; and if withdrawn without a saving clause all pending cases though cognizable when commenced must fall."

In Lockerty v. Phillips, 319 U.S. 182, at page 187, 63 S.Ct. 1019, 1022, 87 L.Ed. 1339, the Court said: "The Congressional power to ordain and establish inferior courts includes the power 'of investing them with jurisdiction either limited, concurrent, or exclusive, and of withholding jurisdiction from them in the exact degrees and character which to Congress may seem proper for the public good'." Cary v. Curtis, 3 How. 236, 245, 11 L.Ed. 576; Lauf v. E. G. Shinner & Co., 303 U. S. 323, 330, 58 S.Ct. 578, 85 L.Ed. 872; Hallowell v. Commons, 239 U.S. 506, 509, 36 S.Ct. 202, 60 L.Ed. 409; Smallwood v. Gallardo, 275 U.S. 56, 48 S.Ct. 23, 72 L.Ed. 152; Toucey v. New York Life Ins. Co., 314 U.S. 118, 129, 65 S.Ct. 139, 86 L.Ed. 100, 137 A.L.R. 967.

Thus by iteration and reiteration, the Supreme Court has made it abundantly evident that Congress may prescribe the exact limits of the authority of all inferior Courts of the United States as it sees fit, or it may proscribe all jurisdiction of such courts if it so wishes. In view of this sweeping and all comprehensive power, the pronouncement of the national legislature, in Part II, section 2(d), is final and determinative of the motions made in the instant case. That part of the Act reads "(d) No court of the United States, of any State, Territory, or possession of the United States, or of the District of Columbia, shall have jurisdiction of any action or proceeding, whether instituted prior to or on or after the date of the enactment of this Act, to enforce liability or impose punishment for or on account of the failure of the employer to pay minimum wages or overtime compensation under the Fair Labor Standards Act of 1938, as amended, under the Walsh-Healey Act, or under the Bacon-Davis Act, to the extent that such action or proceeding seeks to enforce any liability or impose any punishment with respect to an activity which was not compensable under subsection (a) and (b) of this section.

Whatever may be the effect of this prohibition on State Courts, there can be no question as to its effect on this Court. No jurisdiction rests in any degree in this Court to enforce whatever liability might have existed previous to the approval of the Portal-to-Portal Act, unless it comes within the comprehension of subsections (a) and (b) of section 2 of the Act (supra).

Since there is no allegation that the claims in the instant case are so included in the provisions of subsections (a) and (b) just referred to, this Court is effectively deprived of jurisdiction in the premises. The motion to dismiss is granted.

An order may be submitted in conformity with this opinion.