**MEDRICK et al. v. TEXTILE MACH. WORKS, Inc.**

Civ. A. 6757.

District Court, E. D. Pennsylvania.

July 16, 1948.

Clarence Mendelsohn, of Reading, Pa., and Sidney G. Handler, of Harrisburg, Pa., for plaintiffs.

Joseph S. Kleinbard, of Philadelphia, Pa., for defendant.

FOLLMER, District Judge.

This is an action commonly known as a Portal-to-Portal suit, wherein Plaintiffs in a complaint filed January 2, 1947, following the decision of the Supreme Court in Anderson et al. v. Mt. Clemens Pottery Co., 1946, 328 U.S. 680, 66 S.Ct. 1187, 90 L.Ed. 1515, claimed overtime compensation and liquidated damages for time allegedly spent on the employer's premises either before the scheduled starting time or after the scheduled quitting time, in waiting, in changing clothes, in obtaining equipment or tools, punching time clocks, and in similar activities.

Subsequent thereto, the Portal-to-Portal Act of 1947, effective May 14, 1947, was enacted.[1] On May 4, 1948 defendant filed a "Supplemental Motion to Dismiss" which raises the defense of lack of jurisdiction over the subject matter, in that the complaint does not allege that such activities were compensable by either an express provision of a written or non-written contract in effect at the time of such activity, or a custom or practice in effect at the time of such activities, as required by Sec. 2(a) (1, 2), of the Portal-to-Portal Act, 29 U.S. C.A. § 252(a) (1, 2). Plaintiff has had ample time to amend the complaint since the enactment of that act, but has not seen proper to do so. This question has received the attention of the Courts in numerous opinions and further discussion would add nothing.[2]

[1] 29 U.S.C.A. § 251 et seq.

[2] I concur with the able opinion of Judge Gibson in the Western District in Hart et al. v. Aluminum Co. of America, D.C.W.D.Pa., 73 F.Supp. 727.

See also to the same effect, Seese et al. v. Bethlehem Steel Co., D.C.Md., 74 F.Supp. 412; 13 Labor Cases 64,061; Johnson et al. v. Park City Consol. Mines Co., D.C.E.D.Mo., 73 F.Supp. 852; 13 Labor Cases 64,085; Story et al. v. Todd Houston Shipbuilding Corporation, D.C. S.D.Tex., 72 F.Supp. 690; 13 Labor Cases 63,958; Sadler et al. v. W. S. Dickey Clay Mfg. Co., D.C.W.D.Mo., 73 F.Supp. 690; 13 Labor Cases 64,065; May et al. v. General Motors Corporation, D.C.N.D.Ga., 73 F.Supp. 878; 13 Labor Cases 64,109; Ackerman et al. v. J. I. Case Co., D.C. E.D.Wis., 74 F.Supp. 639; 13 Labor Cases 64,108; Smith et al. v. American Can Co., D.C.E.D.Ill., 8 F.R.D. 112; 14 Labor Cases 64,281; Local 626, etc., et al. v. General Motors Corporation, D.C.Conn., 76 F. Supp. 593; 13 Labor Cases 64,082; Clarence Horner et al. v. McQuay Norris Manufacturing Co., D.C.E.D.Mo.; 13 Labor Cases 64,086; Alameda et al. v. Paraffine Companies, Inc., et al., D.C.N.D.Cal., 75 F.Supp. 282; 13 Labor Cases 64,158;

Plaintiff having failed to allege that the employment activities, for which compensation is claimed, were, when performed, compensable under a then effective express agreement or custom or practice, as required by the Portal-to-Portal Act, this Court is without jurisdiction to entertain the suit. The motion to dismiss the action is accordingly granted.

Merle E. Elting and Dale E. Thorpe et al. v. North American Aviation, D.C.Kan.; 13 Labor Cases 64,154; Smith v. Cudahy Packing Co., D.C.D.Minn., 76 F.Supp. 575; 14 Labor Cases 64,280; Boerkoel v. Hayes Mfg. Corporation, D.C.W.D.Mich., 76 F.Supp. 771; 14 Labor Cases 64,415.

Compare Bartels et al. v. Sperti, Inc., et al., D.C.S.D.N.Y., 73 F.Supp. 751, 13 Labor Cases 63,994, for other cases and, cases contra.