**INDUSTRIAL UNION OF MARINE AND SHIPBUILDING WORKERS OF AMERICA, CIO, LOCAL NO. 1, et al. v. NEW YORK SHIPBUILDING CORPORATION.**

Civil Actions Nos. 9640, 9382.

District Court, D. New Jersey.

Aug. 9, 1948.

George D. Rothermel, of Camden, N. J., and Pruitt, Desvernine, Hale & Coursen and Kenneth Gardner, all of New York City, for defendant, for the motion.

Albert B. Melnik, of Camden, N. J., and M. H. Goldstein, of Philadelphia, Pa., for plaintiffs, opposed.

MADDEN, District Judge.

This is a motion to dismiss the amended complaints filed herein because such complaints as amended do not meet the requirements of the decree of this court dated October 13, 1947, and based upon its opinion (oral) of September 11, 1947.

Upon consideration of both cases the court came to the conclusions that it is unnecessary to dispose of the merits of the motion because there has arisen in the court's mind the fundamental question of the court's jurisdiction over the subject matter. For as the Supreme Court said in McNutt v. General Motors Acceptance Corp., 298 U.S. 178, at page 184, 56 S.Ct. 780, 783, 80 L.Ed. 1135:

"The trial court is not bound by the pleadings of the parties, but may, of its own motion, if led to believe that its jurisdiction is not properly invoked, 'inquire into the facts as they really exist.' "

Such inquiry brings the court to the conclusion that it has no jurisdiction to hear the subject matter of the respective suits and consequently they must be dismissed.

These two suits, Civil Actions 9640 and 9382, were originally instituted by the union named as plaintiff, but since, by amendment, thousands of individuals have joined as parties plaintiff, and are brought pursuant to Section 16(b) of the Fair Labor Standards Act of 1938, as amended, Title

29 U.S.C.A. § 216(b), and are for unpaid overtime compensation and an equal amount as liquidated damages under said Act. Action 9640 is strictly an overtime case, while action 9382 is based on additional incentive or premium work pay bottomed on unpaid overtime compensation.

The allegations of the complaints set forth claims for overtime work similar, in the court's opinion, to those that have become known as portal to portal pay activities following the decision in Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 66 S.Ct. 1187, 90 L.Ed. 1515.

Since the institution of these suits (action 9382 was filed December 20, 1946 and action 9640 was filed January 22, 1947) Congress passed the Portal-to-Portal Pay Act of 1947, approved May 14, 1947. Title 29 U.S.C.A. §§ 251 to 262 incl. In effect, this Act was an amendment to the Fair Labor Standards Act of 1938, 29 U.S. C.A. § 201 et seq.

By its terms, employers were relieved of liability or punishment for failure to pay certain overtime compensation as provided for under the Fair Labor Standards Act, except when such activity is compensable by either—

"(1) an express provision of a written or nonwritten contract in effect, at the time of such activity, between such employee, his agent, or collective-bargaining representative and his employer; or

"(2) a custom or practice in effect, at the time of such activities, at the establishment or other place where such employee was employed, covering such activity, not inconsistent with a written or nonwritten contract, in effect at the time of such activity, between such employee, his agent, or collective-bargaining representative and his employer."

Likewise, by its terms the Congressional action in the Portal-to-Portal Pay Act of 1947, concerning the jurisdiction of the courts, said this:

Part II, Sec. 2(d)—"No court of the United States * * * shall have jurisdiction of any action or proceeding, * * * to enforce liability or impose punishment for or on account of the failure of the employer to pay minimum wages or overtime compensation under the Fair Labor Standards Act of 1938 * * * to the extent that such action or proceeding seeks to enforce any liability or impose any punishment with respect to an activity which was not compensable under subsections (a) and (b) of this section."

The court has, therefore, examined the pleadings in each case to see if they come within the exception provisions of subsections (a) or (b) of the Act as quoted hereinbefore, and concludes that such allegations are not within the confines of such excepted cases and are what are commonly referred to as portal to portal pay suits.

Judge Meaney has filed a comprehensive opinion covering the question of the jurisdiction of this court (U. S. District Court of New Jersey) to entertain portal to portal pay suits in the matter of Stanley Grazeski et al. v. Federal Shipbuilding & Dry Dock Co., D.C., 76 F.Supp. 845, 847, wherein he said:

"Thus by iteration and reiteration, the Supreme Court has made it abundantly evident that Congress may prescribe the exact limits of the authority of all inferior Courts of the United States as it sees fit, or it may proscribe all jurisdiction of such courts if it so wishes. In view of this sweeping and all comprehensive power, the pronouncement of the national legislature, in Part II, section 2(d), is final and determinative of the motions made in the instant case."

And further:

"Whatever may be the effect of this prohibition on State Courts, there can be no question as to its effect on this Court. No jurisdiction rests in any degree in this court to enforce whatever liability might have existed previous to the approval of the Portal-to-Portal Act, unless it comes within the comprehension of subsections (a) and (b) of section 2 of the Act."

Therefore, the court concludes that it is without jurisdiction to entertain the subject matter of the present suits and they, consequently, will be dismissed.