## HOYT et al. v. MERRITT–CHAPMAN & SCOTT CORPORATION.

### Civil Action No. 10587.

District Court, D. New Jersey.

Aug. 9, 1948.

George D. Rothermel, of Camden, N. J., for defendant, for the motion.

William B. Knight, of Camden, N. J., for plaintiffs, opposed.

MADDEN, District Judge.

This is a motion to dismiss the complaint filed herein because the plaintiffs named therein have not filed with the Clerk of the Court the consents in writing to authorize the institution of such suit under Sections 5, 6 and 7, Part IV, Portal-to-Portal Pay Act of 1947, approved May 14, 1947. Title 29 U.S.C.A. §§ 251 to 262 incl.

■ Disposition of the case does not require consideration of the merits of the motion for in consideration of the case the question has arisen in the court's mind whether it has jurisdiction over the subject matter of the suit. For as the Supreme Court said in McNutt v. General Motors Acceptance Corp., 298 U.S. 178, at page 184, 56 S.Ct. 780, 783, 80 L.Ed. 1135:

"The trial court is not bound by the pleadings of the parties, but may, of its own motion, if led to believe that its jurisdiction is not properly invoked, 'inquire into the facts as they really exist.'"

This action was brought by William J. Hoyt and four other former employees named in the complaint of the defendant. The complaint alleges that it is brought under the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq., to recover unpaid overtime compensation and an equal amount as liquidated damages pursuant to provisions of 29 U.S.C.A. § 216(b).

The allegations of the complaint set forth claims for overtime work and duties similar in the court's opinion to those that have become known as portal-to-portal pay actions following the decision in Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 66 S.Ct. 1187, 90 L.Ed. 1515.

■ Prior to the institution of this suit (complaint herein was filed September 10, 1947) Congress passed the Portal-to-Portal Pay Act of 1947, supra, and in effect, this Act was an amendment to the Fair Labor Standards Act of 1938.

By its terms, employers were relieved of liability or punishment for failure to pay certain overtime compensation as provided for under the Fair Labor Standards Act, except when such activity is compensable by either—

"(1) an express provision of a written or non-written contract in effect, at the time of such activity, between such employee, his agent, or collective-bargaining representative and his employer; or

"(2) a custom or practice in effect, at the time of such activities, at the establishment or other place where such employee was employed, covering such activity, not inconsistent with a written or nonwritten contract, in effect at the time of such activity, between such employee, his agent, or collective-bargaining representative and his employer." 29 U.S.C.A. § 252(a).

Likewise by its terms, the Congressional action in the Portal-to-Portal Pay Act of 1947, concerning the jurisdiction of the courts, said this:

Part II, Sec. 2(d)—"No court of the United States * * * shall have jurisdiction of any action or proceeding, * * * to enforce liability or impose punishment for or on account of the failure of the employer to pay minimum wages or overtime compensation under the Fair Labor Standards Act of 1938 * * * to the extent that such action or proceeding seeks to enforce any liability or impose any punishment with respect to an activity which was not compensable under subsections (a) and (b) of this section."

The court has examined the allegations of the complaint to see if they come within the exception provisions of subsections (a) or (b) of the Act as quoted hereinbefore, and concludes that such allegations are not within the provisions of such excepted cases, and the suit is what is commonly referred to as a portal to portal pay suit.

Judge Meaney has filed a comprehensive opinion covering the question of the jurisdiction of this court (U. S. District Court of New Jersey) to entertain portal to portal pay suits in the matter of Stanley Grazeski, et al. v. Federal Shipbuilding & Dry Dock Co., D.C., 76 F.Supp. 845, 847, wherein he said:

"Thus by iteration and reiteration, the Supreme Court has made it abundantly evident that Congress may prescribe the exact limits of the authority of all inferior Courts of the United States as it sees fit, or it may prescribe all jurisdiction of such courts if it so wishes. In view of this sweeping and all comprehensive power, the pronouncement of the national legislature, in Part II, Section 2(d), is final and determinative of the motions made in the instant case."

And further:

"Whatever may be the effect of this prohibition on State Courts, there can be no question as to its effect on this Court. No jurisdiction rests in any degree in this Court to enforce whatever liability might have existed previous to the approval of the Portal-to-Portal Act, unless it comes within the comprehension of subsections (a) and (b) of section 2 of the Act."

Therefore, the court concludes that it is without jurisdiction to entertain the subject matter of the present suit and it is, consequently, dismissed.

Prepare an order.