### LASATER et al. v. HERCULES POWDER CO.

No. 10656.

United States Court of Appeals
Sixth Circuit.

Dec. 6, 1948.

---

[1] No opinion for publication.

Joe N. Hunter, of Chattanooga, Tenn. (Harry J. Schaeffer, E. B. Baker and Joe N. Hunter, all of Chattanooga, Tenn., on the brief), for appellants.

Philip Whitaker, of Chattanooga, Tenn. (Whitaker, Hall & Haynes, of Chattanooga, Tenn., and J. R. L. Johnson, Jr. and Robert A. Fulwiler, Jr., both of Wilmington, Del., on the brief), for appellee.

Before HICKS, Chief Judge, and ALLEN and McALLISTER, Circuit Judges.

McALLISTER, Circuit Judge.

Appellants, during the recent war, were employees of the Hercules Powder Company, which operated an ordnance plant for the federal government on a cost-plus-fixed-fee contract. The plant was located in the country outside Chattanooga, Tennessee, remote from settled communities. To guard against sabotage, and fires and damage that might be caused by vagrants, a chainlike fence was built about the entire plant, which occupied approximately 6,000 acres. The Hercules Company, appellee herein, operated buses to convey employees to the gates of the plant free of charge. Regular buses were likewise operated from the gates to places on the premises where the various employees worked. It appears that the employees were required to be at the entrance or gate a sufficient period before actual working hours so that they might be identified, "clocked in," and transported to the working places in time for the commencement of the different labor shifts. These working places were various distances from the gates, the furthest point being about a mile and a half therefrom. In addition to the work shift of eight hours, the time which was spent by employees from arrival at the gate for work until their exit from the gate at the end of the shift, averaged approximately forty minutes. The records made by the time clocks were not used to calculate the hours worked but to check the presence of employees. Some of the employees were required to change clothes, and, in certain cases, to make other preparations for work. Appellant employees brought suit in the district court under the provisions of the Fair Labor Standards Act of 1938, 29 U.S.C.A. §§ 201–219, claiming unpaid overtime compensation, liquidated damages, and attorneys' fees. The district court denied appellants' claim for overtime on the ground that under Section 2 and Section 9 of the Portal-to-Portal Act of 1947, 29

U.S.C.A. § 251 et seq., there was no liability for such claimed overtime compensation on the part of appellee company.

Section 2 of the Portal-to-Portal Act, 29 U.S.C.A. § 252, in so far as here pertinent, provides:

"(a) No employer shall be subject to any liability or punishment under the Fair Labor Standards Act of 1938, as amended, the Walsh-Healey Act, or the Bacon-Davis Act (in any action or proceeding commenced prior to or on or after May 14, 1947), on account of the failure of such employer to pay an employee minimum wages, or to pay an employee overtime compensation, for or on account of any activity of an employee engaged in prior to May 14, 1947, except an activity which was compensable by either—

"(1) An express provision of a written or non-written contract in effect, at the time of such activity, between such employee, his agent, or collective-bargaining representative and his employer; or

"(2) a custom or practice in effect, at the time of such activity, at the establishment or other place where such employee was employed, covering such activity, not inconsistent with a written or non-written contract, in effect at the time of such activity, between such employee, his agent, or collective-bargaining representative and his employer."

Appellee contends that, in accordance with the foregoing section of the statute, unless the activity of the employee was compensable by virtue of an express provision of a written or nonwritten contract in effect between the employees and the employer, or by custom or practice in effect covering the activity of the employee, the employer is not subject to liability under the Fair Labor Standards Act of 1938 on account of failure to pay overtime compensation. Because there was no such written or nonwritten contract or custom or practice in effect, appellee submits that, by virtue of the provisions of the Portal-to-Portal Act, it is relieved from any liability for payment of the claimed compensation in this case.

Appellants claim that the Fair Labor Standards Act is to be read into a contract of employment so as to effect a written or nonwritten contract of employment within the meaning of Section 2(a) of the Portal-to-Portal Act. But, as the district court stated, the suit was based upon the Fair Labor Standards Act and not upon contract. The proof disclosed no express contract, written or nonwritten, and no custom or practice for payment of compensation for overtime which would bring appellants' claims within the exceptions set forth in the Portal-to-Portal Act. Since the activities of the employees had not been previously compensable by virtue of contract, custom, or practice, Section 2 of the Portal-to-Portal Act precludes all liability of the employer for payment of such overtime compensation. With regard to the contention of appellants that the Fair Labor Standards Act should be read into the contract of employment, it was said in Seese v. Bethlehem Steel Co., 4 Cir., 168 F.2d 58, 65, where a similar argument was made, that "the true situation with respect to claims affected by the Portal-to-Portal Act is that that act validates the real contract between the parties and merely takes away a statutory remedy given by the prior act. Even if the provisions of the Fair Labor Standards Act be read into contracts of employment, so also must be read the constitutional power of Congress to change that act." The provisions of the Portal-to-Portal Act, striking down claims for overtime not based on contract, custom, or practice, are valid, and appellants, accordingly, in this case are not entitled to such compensation for overtime. With respect to appellants' argument that the provisions of the act in question were unconstitutional, that issue has been decided adversely to their contention; Fisch et al. v. General Motors Corp., 6 Cir., 169 F.2d 266; Battaglia et al. v. General Motors Corp., 2 Cir., 169 F.2d 254; Seese v. Bethlehem Steel Co., 4 Cir., 168 F.2d 58; Atallah et al. v. B. H. Hubbert & Son, Inc., 4 Cir., 168 F.2d 993. In the last named case determining the constitutional issue contrary to appellants' contention, petition for a writ of certiorari has just been denied by the Supreme Court under the title of Cingrigrani et al. v. B. H. Hubbert & Son, Inc., 335 U.S. 868, 69 S.Ct. 138.

266

Section 9 of the Portal-to-Portal Act provides that when an employer, conforming to and relying in good faith upon an administrative regulation, order, ruling, approval, or interpretation of any agency of the United States or any administrative practice or enforcement policy of any such agency, fails to pay overtime compensation under the Fair Labor Standards Act of 1938, as amended, he shall not be subject to liability therefor. The district court found that the proofs showed that appellee did act in good faith in failing to pay the claimed overtime compensation, in reliance upon an administrative interpretation that the time claimed by appellants was not compensable; and, on this additional ground, found that appellee was not liable. Appellants contend that Section 9 of the Portal-to-Portal Act is unconstitutional. Such section is constitutional. Rogers Cartage Co. v. Reynolds et al., 6 Cir., 166 F.2d 317; Darr et al. v. Mutual Life Insurance Co. of New York, 2 Cir., 169 F.2d 262, certiorari denied 335 U.S. 871, 69 S.Ct. 166.

In conclusion, it may be observed that the district court found that appellee company was engaged in commerce or in the production of goods for commerce, within the meaning of the Fair Labor Standards Act; that appellants, while riding in the buses and engaging in other incidental matters, were working as employees of appellee company, and that appellee was an employer within the meaning of the act; and that both appellants and appellee were subject to the coverage of the Fair Labor Standards Act. While these findings were contrary to the contentions of appellee, and no cross appeal was taken, appellee sought to controvert them on appeal, merely, however, in order to support the judgment on such alternative grounds. Our determination in favor of the appellee makes it unnecessary to discuss these findings which, nevertheless, present issues of considerable interest. See Bell v. Porter, 7 Cir., 159 F.2d 117; Kennedy v. Silas Mason Co., D.C., 70 F.Supp. 929, affirming 5 Cir., 164 F.2d 1016, judgment vacated and case remanded 334 U.S. 249, 68 S.Ct. 1031; Murphey v. Reed et al., 335 U.S. 865, 69 S.Ct. 105; nor is it necessary, in view of our decision, to discuss the findings of the district court and its conclusions with regard to the de minimis rule as outlined by the Supreme Court in Anderson et al. v. Mt. Clemens Pottery Co., 328 U.S. 680, 66 S.Ct. 1187, 90 L.Ed. 1515.

In accordance with the foregoing, the judgment of the district court is affirmed.