456

**AMELBO et al. v. PENNSYLVANIA SALT MFG. CO.**

Civ. No. 6269.

United States District Court
E. D. Pennsylvania.

March 4, 1949.

James J. Leyden, of Philadelphia, Pa., for plaintiffs.

Charles A. Wolfe and Samuel Fessenden, both of Philadelphia, Pa., for defendant.

McGRANERY, District Judge.

This is a suit to recover unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq. Defendant has moved to dismiss on the ground that the complaint, as amended, fails to allege that the activities for which compensation is claimed were compensable by contract provision, custom or practice. Defendant claims that such an allegation is necessary under Section 2 of the Portal-to-Portal Act, 29 U.S.C.A. § 251 et seq. Plaintiff opposes the motion on two grounds, arguing that such an allegation is unnecessary because the Portal-to-Portal Act does not apply to this kind of case, and that, in any event, the complaint does meet the requirement of the Act.

Plaintiff has respectable precedent for his position that where normal work activities are involved, the section of the Portal-to-Portal Act relied on here does not apply. Cf. Central Missouri Telephone Company v. Conwell, 8 Cir., 170 F.2d 641. However, the weight of authority would seem to be that the Portal-to-Portal Act applies to all claims for overtime. See Shaievitz v. Laks, D.C., 80 F.Supp. 241, 243; Seese v. Bethlehem Steel Co., D.C., 74 F. Supp. 412, 416. In any event, plaintiff's second contention makes it unnecessary to decide the point now on a motion to dismiss. Such motions are granted sparingly and only when " * * * it appears to a certainty that the plaintiff would not be entitled to relief under any state of facts which could be proved in support of the claim". See Continental Collieries v. Shober, 3 Cir., 130 F.2d 631, 634. The case defendant relies upon most strongly in pressing his motion makes clear that the issues raised here are primarily factual. Battery Workers' Union Local 113, etc. v. Electric Storage Battery Co., D.C., 78 F. Supp. 947. Plaintiff's amended complaint does allege that the activities for which it seeks compensation were compensable by a contract between the parties and quotes the contractual provision relied upon. Therefore, even assuming that the Portal-to-Portal Act applies to this suit, plaintiff should have his opportunity to prove that allegation. Accordingly, therefore, an order will be entered denying defendant's motion to dismiss.