ROSENBERG et al. v. COHEN.
Civ. A. No. 9275.

United States District Court
E. D. Pennsylvania.
July 11, 1949.

Lewis Weinstock, of Conlen, LaBrum & Beechwood, Philadelphia, Pa., for plaintiffs.

William Barclay Lex, Philadelphia, Pa., for defendant.

KIRKPATRICK, Chief Judge.

If the second cause of action states a case of deceit, the defendant's argument that, since there is no allegation that the plaintiffs parted with the property for less than its fair value, no damages have been shown and consequently no action lies, would have to be considered. If it states a case in equity for the declaration of a trust with an accounting for the plaintiffs' share of the profits, then the defendant's argument, that no confidential relationship. between the parties out of which a trust could arise has been shown, would have to be considered. It is not, however, necessary to deal with either of these theories of the cause of action or to try to extract from the complaint which one was intended or whether both were intended.

"A party may also state as many separate claims or defenses as he has regardless of consistency and whether based on legal or on equitable grounds or on both." Rule 8(e), Federal Rules of Civil Procedure, 28 U.S.C.A. The second cause of action incorporates by reference Paragraph 8 of the first cause of action. Leaving out unnecessary parts of that paragraph it states "defendant agreed that * * * if defendant should transact any business with William A. Flinn, Jr. in connection with * * * the interest of said William A. Flinn, Jr. in the said trust estate, * * * defendant would share equally with plaintiff Rosenberg any profits * * * received by defendant." This is a plain statement of a contract and the remainder of the second cause of action contains an equally plain statement of its breach.

It is by now a familiar rule that a complaint cannot be dismissed "except where it appears to a certainty that the plaintiff would not be entitled to relief under any state of facts which could be proved in support of the claim." Continental Collieries v. Shober, 3 Cir., 130 F.2d 631, 635. Under this rule, whatever the validity of the theory of deceit or of breach of trust may be, the complaint cannot be dismissed for failure to state a cause of action.

The defendant's motion to dismiss is denied.