**WELSH et al. v. W. J. DILLNER
TRANSFER CO.
Civ. No. 6842.**

United States District Court
W. D. Pennsylvania.
June 30, 1950.

686

Harrison & Louik, Pittsburgh, Pa., for plaintiffs.

Sherman T. Rock (of Reed, Smith, Shaw & McClay), Pittsburgh, Pa., Ernie Adamson, Pittsburgh, Pa., for defendant.

FOLLMER, District Judge.

The complaint is predicated upon the theory that plaintiffs come within the provisions of Section 7 of the Fair Labor Standards Act, 29 U.S.C.A. § 207, and entitled to overtime compensation for any part of a work week in excess of forty hours. Defendant contends that it is subject to the provisions of the Interstate Commerce Act, 49 U.S.C.A. § 1 et seq., and that a forty-eight hour week is the proper basis. The claim covers a period from March 15, 1945, to December 9, 1947.

Defendant originally filed a motion for summary judgment, and as the result of some discussion at the time of argument, substituted a motion to dismiss. The motion is considered in its most favorable light, with full consideration given to any undisputed matters.

The defendant has a "Certificate of Public Convenience and Necessity" as a motor carrier. A letter from the Interstate Commerce Commission states that defendant is "subject to the provisions of Part II of the Interstate Commerce Act and the rules and regulations promulgated thereunder and also to applicable provisions of Part I of the Act."

Part I of the Interstate Commerce Act, 49 U.S.C.A. 1–27, covers transportation by rail, water, and pipeline, and includes some motor vehicle transportation specifically excepted from Part II.[1] Part II of the Interstate Commerce Act, also designated the Motor Carrier Act of 1935,[2] 49 U.S.C.A. 301 et seq., applies generally to motor carriers. Certain provisions of Part I of the Act are made applicable to Part II,[3] which is evidently what is meant by the language of the Commission in the letter to which reference has been had. The above referred to statement by the Commission, however, is not the same as saying that the defendant is subject to Part I of the Interstate Commerce Act within the meaning of the qualification to the applicability of the maximum hour provisions of Section 7 of the Fair Labor Standards Act, 29 U.S.C.A. § 207, as contained in Section 13, 29 U.S.C.A. § 213(b) of the Fair Labor Standards Act as follows: "(b) The provisions of section 7 [207 of this title] shall not apply with respect to (1) *any employee* with respect to whom the Interstate Commerce Commission has power to establish qualifications and maximum hours of service pursuant to the provisions of section 204 of the Motor Carrier Act, 1935 [304 of Title 49]; or (2) *any employee* of an employer subject to the provisions of Part I

1. E. g. 49 U.S.C.A. § 302(c).

2. See historical discussion at 49 U.S.C.A. § 301.

3. E. g. 49 U.S.C.A. § 305(h).

of the Interstate Commerce Act [sections 1–27 of Title 49]." (Emphasis supplied.)

■ It is disputed and cannot be found as a fact on the basis of the present record that defendant comes within the exception of (b) (2) of Section 13 of the Fair Labor Standards Act, which would cover any employee of defendant. Assuming that the record justifies a conclusion that (b) (1) of said Section is applicable, nevertheless, it is disputed that the plaintiffs are employees of defendant with respect to whom the Interstate Commerce Commission has power to establish qualifications and maximum hours of service. This question whether or not any one plaintiff is within any class of employees as to which the Commission has power to establish qualifications and maximum hours of service is to be determined by the judicial process,[4] and in the present case involves the credibility of witnesses and the resolving of disputed questions of fact.

■■ A complaint cannot be dismissed for failure to state a claim unless it appears to a certainty that the plaintiff would not be entitled to relief under any state of facts which could be proved to support the claim, and a motion for summary judgment may be granted only if the complete absence of any genuine issue of fact is apparent and all doubts thereon must be resolved against the moving party.[5]

Defendant further contends that the complaint must be dismissed "because it does not contain any averment that the overtime compensation claimed there [6] for and on account of an activity engaged in by an employee which was compensable either by contract, custom or by practice as provid-

ed in Section 2 of the Portal-to-Portal Act of 1947 (29 U.S.C.A. 252)."

■ The section of the Portal-to-Portal Act of 1947 referred to, provides in part that no Federal Court shall have jurisdiction of any action to enforce liability on account of the failure of the employer to pay overtime compensation under the Fair Labor Standards Act of 1938, as amended, to the extent that such action seeks to enforce any liability with respect to an activity engaged in prior to May 14, 1947, which was not compensable by contract, custom or practice. The Act, although not in name, is actually an amendment to the Fair Labor Standards Act and by its nature and terms must be read as a part of it.[7] Consequently, to the extent that an action seeks to enforce liability under the Fair Labor Standards Act for activities engaged in prior to May 14, 1947, the fact that such activity was compensable by contract, custom or practice is jurisdictional.[8] According to Rule 8(a) (1) of the Federal Rules of Civil Procedure, 28 U.S.C.A. the grounds upon which the court's jurisdiction depends must be set forth in the complaint.

Plaintiffs strenuously urge that the Portal-to-Portal Act has absolutely no application to the instant case; that it was passed when claims were being made for overtime compensation on the basis of calculating as hours worked, time spent either preliminary to work or subsequent to actual working time, such as walking to or from work, or other such activity; that the requirement of an allegation of an express contract or custom was not intended to destroy claims for time actually devoted to normal work. Plaintiffs have substantial

4. Pyramid Motor Freight Corp. v. Ispass et al., 330 U.S. 695, 67 S.Ct. 954, 91 L. Ed. 1184; Levinson v. Spector Motor Service, 330 U.S. 649, 67 S.Ct. 931, 91 L.Ed. 1158; Morris v. McComb, 332 U.S. 422, 68 S.Ct. 131, 92 L.Ed. 44.

5. Rosenberg v. Cohen, D.C.E.D.Pa., 9 F. R.D. 328; Brinich v. Reading Co., D.C. E.D.Pa., 9 F.R.D. 420; Grimes v. New York Life Ins. Co., D.C.E.D.Pa., 84 F.Supp. 989; Zig Zag Spring Co. v. Comfort Spring Corp., D.C.N.J., 89 F.

Supp. 410; Hunter v. Mitchell, D.C.Cir., 180 F.2d 763; Colby v. Klune, 2 Cir., 178 F.2d 872; Leggett v. Montgomery Ward & Co., 10 Cir., 178 F.2d 436, 440 (and cases there cited).

6. We have treated this paragraph of the motion as though the word "there" read "was".

7. Jackson v. Northwest Airlines, Inc. et al., D.C.Minn., 76 F.Supp. 121.

8. Coyle et al. v. Philadelphia Macaroni Co., Inc., D.C.E.D.Pa., 9 F.R.D. 331.

688

authority for their position, Central Missouri Tel. Co. v. Conwell, 8 Cir., 170 F.2d 641. On the other hand, the weight of authority appears to be that Section 2 of the Portal-to-Portal Act applies to all claims for overtime.[9]

In Seese et al. v. Bethlehem Steel Co., D.C.Md., 74 F.Supp. 412, at 416, Judge Chesnut held, " * * * the Act in this respect is not limited to portal-to-portal activities as such but defines the essential characteristics of any alleged liability for non-payment of minimum wages or overtime compensation. *None* are to be compensable 'except an activity which was compensable by either—' contract, custom or practice. Furthermore, while the language includes the word 'except', it seems entirely clear from the whole wording that the *exception is the only activity which is compensable*. Therefore the complaint is legally sufficient only when it alleges activities that are compensable under the Fair Labor Standards Act as amended by the Portal-to-Portal Act. * * * "[10]

■ We have no problem of interpretation here. The language of the statute is plain and concise and the meaning is clear. There is therefore neither necessity nor justification for resort to legislative history to interpret its meaning and under such circumstances the statute cannot be varied by resort to reports of congressional committees or other familiar aids to statutory construction.[11] The sole function of the Court is to enforce the statute according to its terms. We are not concerned as to what may have been in the legislative mind in covering all employment activities in Section 2 of the Portal-to-Portal Act and in specifically limiting the effect of the Act to the generally understood Portal-to-Portal activities in Section 4.

Therefore, in so far as the action seeks to enforce liability for activities engaged in prior to May 14, 1947, the averments of the complaint do not set forth sufficient facts to permit this Court to take jurisdiction over the subject matter. The minimum jurisdictional requirements of the statute are lacking.

Accordingly, the motion to dismiss the action in so far as it is directed to activities engaged in prior to May 14, 1947, is granted; in so far as it is directed to activities engaged in subsequent to May 14, 1947, the motion to dismiss is refused.

9. Note distinction in phraseology between Section 2 which covers "any activity of an employee", and that of Section 4 which spells out in so many words the type of activity which gave rise to the Portal-to-Portal legislation.

10. See also Shaievitz v. Laks et al., D.C. S.D.N.Y., 80 F.Supp. 241; Amelbo et al. v. Pennsylvania Salt Mfg. Co., D.C.E.D. Pa., 83 F.Supp. 456.

11. Ohio Power Co. v. N. L. R. B., 6 Cir., 176 F.2d 385, certiorari denied 70 S.Ct. 249, 338 U.S. 899.