## LOVE et al. v. U. S. RUBBER CO.
### No. 2508.

United States District Court
M. D. Pennsylvania.
July 12, 1950.

———◆———

Joseph M. McNerney, Williamsport, Pa., John G. Love, Bellefonte, Pa., for plaintiffs.

S. Dale Furst, Jr. (of McCormick, Herdic & Furst), Williamsport, Pa., Morris E. Dry (of Arthur, Dry & Dole), New York City, for defendant.

MURPHY, District Judge.

Plaintiff seeks to recover from defendant, his employer, overtime compensation, liq-

uidated damages, and attorney's fees under the Fair Labor Standards Act of 1938, 29 U.S.C.A. §§ 201–219 (herein FLSA.) During World War II defendant operated the Pennsylvania Ordnance Works, located in this district, in the production of munitions of war under a cost-plus-a-fixed-fee contract with the United States Government. Plaintiff and twenty-five others [1] were engaged as fire fighters to protect the plant and equipment. The time involved is the period of "sleeping time" allowed in the operation of a 2 platoon system.

Under the 3 platoon system previously in effect fire fighters worked six eight-hour shifts per week and were paid straight time for forty hours; time and one-half for eight additional hours. Under the 2 platoon system they were required to be present on defendant's premises three days per week for a twenty-four hour period each day; the first sixteen hours being considered working time, the remaining eight hours as sleeping time. They were paid each week straight time for forty hours, time and one-half for eight additional hours. They were not paid for sleeping time except when, on rare occasions in an emergency, they were called upon to work for brief periods, in which event they were paid time and one-half for the extra time actually worked.

While defendant relies upon several defenses, all of which have been the subject of considerable litigation in the federal courts:

(a) Was "sleeping time" as such compensable under the FLSA? [2]

(b) Was plaintiff in fact an employee of defendant? Was he engaged in interstate commerce or in the production of goods for commerce? What effect did the Walsh-Healey Act, 41 U.S.C.A. § 35 et seq., and the Act of July 2, 1940, 50 U.S.C.A.Appendix, §§ 1171–1172, have upon the applicability of the FLSA? [3]

(c) Miscellaneous defenses. [4]

(d) During sleeping time plaintiff was not engaged in any activity compensable by contract—oral or written—or by custom or practice. [5]

(e) Good faith reliance upon the prior approval of the plan by the War Department and by the Wage and Hour Division of the United States Department of Labor. [6]

We shall hereinafter address our remarks particularly to defenses (d) and (e).

Plaintiff relies upon § 16(b) of the FLSA, 29 U.S.C.A. § 216(b), to establish jurisdiction. Defendant denies that jurisdiction exists, relying principally upon § 2(d) and § 9 of the Portal-to-Portal Act of 1947, 29 U.S.C.A. § 252(d) and § 258 respectively; the latter Act passed subsequent to the termination of plaintiff's employment. [7]

1. Plaintiff sues on his own behalf and as attorney in fact for twenty-five others. The original action filed in the state court was removed to this court upon defendant's petition. Plaintiff's statement of claim is herein referred to as a complaint.

2. As to which see Armour & Co. v. Wantock, 1944, 323 U.S. 126, 65 S.Ct. 165, 89 L. Ed. 118; Skidmore v. Swift & Co., 323 U.S. 134, 65 S.Ct. 161, 89 L.Ed. 124; Rokey v. Day & Zimmerman, Inc., 8 Cir., 1946, 157 F.2d 734; Eustice v. Federal Cartridge Corp., D.C.Minn.1946, 66 F. Supp. 55; Bowers v. Remington Rand, Inc., 7 Cir., 1946, 159 F.2d 114, certiorari denied 330 U.S. 843, 67 S.Ct. 1083, 91 L.Ed. 1288; Bell v. Porter, 7 Cir., 1946, 159 F.2d 117; Howard v. Southern Continental Tel. Co., D.C., 72 F.Supp. 276; Plummer v. Harvester War Depot, Inc., D.C., 70 F.Supp. 495.

3. For an adverse decision on these propositions, see Powell v. The United States Cartridge Co.; Aaron v. Ford, Bacon & Davis, Inc.; Creel v. Loan Star Defense Corp., 70 S.Ct. 755, by Mr. Justice Burton, speaking for the majority. The court did not, however, reach the question of the validity of the individual claims under the FLSA.

4. Four of the claimants were engaged in bona fide executive capacity at a monthly rate; account stated, accord and satisfaction and estoppel.

5. § 2(a) (1, 2), 29 U.S.C.A. § 252(a) (1, 2).

6. § 9, 29 U.S.C.A. § 258.

7. See Powell v. United States Cartridge Co., supra, 70 S.Ct. 769, Footnote 1 to dissenting opinion of Mr. Justice Frankfurter: "Congress found that the

Defendant argues there is no claim stated upon which relief can be granted. He contends, however, that we should not alone dismiss under Rule 12(b, h), F.R.C.P., 28 U.S.C.A., and see Rule 8(a), Id., but that we should allow summary judgment under Rule 56(b), F.R.C.P.

The record consists of the complaint, defendant's amended answer, a stipulation of the respective counsel as to certain facts and of affidavits presented in defendant's behalf in connection with its motion for summary judgment. Plaintiff did not file any counter affidavits and, despite an opportunity afforded to do so, did not offer any amendment to the complaint.

In the complaint plaintiff makes no averment of contract, custom or practice as to the activity in question, and in no manner attempts to meet defendant's assertion as to its reliance upon prior administrative approval. In defendant's affidavits it is made clear that the understanding of the parties was that the activity in question was not to be compensable and that the plan had had prior administrative approval as well as the prior consent and acquiescence of all employees involved.

The record clearly demonstrates:

(1) that there was no contract, custom or practice under which the activity in question was to be compensable;

(2) that the 2 platoon system and the method of payment thereunder was approved prior to its adoption by the War Department, by the Wage and Hour Division of the Department of Labor, and by the plaintiffs;

(3) that defendant relied in good faith upon the prior administrative approvals in placing the 2 platoon system into operation.

██ The Portal-to-Portal Act is constitutional. Thomas v. Carnegie-Illinois Steel Corp., 3 Cir., 1949, 174 F.2d 711.

██ The complaint does not meet the jurisdictional requirements as to contract, custom and practice (Battaglia v. General Motors Corp., 2 Cir., 1948, 169 F.2d 254; Hoyt v. Merritt-Chapman & Scott Corp., D.C.D.N.J., 79 F.Supp. 106; Grazeski v. Federal Shipbuilding & Dry Dock Co., D.C.D.N.J., 76 F.Supp. 845; Murray v. Homestead Valve Mfg. Co., D.C.W.D.Pa., 84 F.Supp. 572, affirmed sub nom Thomas v. Carnegie-Illinois Steel Corp., 3 Cir., 1949, 174 F.2d 711; Medrick v. Textile Mach. Works, Inc., D.C., 79 F.Supp. 567; Ackerman v. J. I. Case Co., D.C., 74 F.Supp. 639; Welsh v. W. J. Dillner Transfer Co., D.C., 91 F.Supp. 685, by Follmer, J., opinion dated June 30, 1950), nor as to the defense of good faith reliance upon administrative approval. Rogers Cartage Co. v. Reynolds, 6 Cir., 1948, 166 F.2d 317; Lasater v. Hercules Powder Co., 6 Cir., 1948, 171 F.2d 263; Darr v. Mutual Life Ins. Co. of N. Y., 2 Cir., 1948, 169 F.2d 262; Seese v. Bethlehem Steel Co., D.C., 74 F.Supp. 412, affirmed 1948, 4 Cir., 168 F.2d 58.

Not only is there a failure to state a cause of action upon which relief can be granted and lack of jurisdiction of the subject matter, but it is equally obvious from an examination of the unchallenged and uncontradicted affidavits of the defendant that there was no contract, custom or practice upon which plaintiff might base his claim. There is therefore no substantive right in the plaintiff to recover, and summary judgment should be entered.

██ It is well settled that on motions to dismiss and for summary judgment, affi-

construction which this Court placed upon the Fair Labor Standards Act in Jewell Ridge Coal Corp. v. Local No. 6167, 325 U.S. 161, 65 S.Ct. 1063, 89 L.Ed. 1534; Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 66 S.Ct. 1187, 90 L.Ed. 1515; Bay Ridge Operating Co. v. Aaron, 334 U.S. 446, 68 S.Ct. 1186, 92 L.Ed. 1502; Brooklyn Savings Bank v. O'Neil, 324 U.S. 697, 65 S.Ct. 895, 89 L.Ed. 1296, and Farmers Reservoir and Irrigation Co. v. McComb, 337 U.S.

755, 69 S.Ct. 1274, misconceived the purposes of Congress. See Portal-to-Portal Act of 1947, 61 Stat. 84, 29 U.S.C. Supp. II, § 251 et seq. 29 U.S.C.A. § 251 et seq.; Pub.L. No. 177, 81st Cong., 1st Sess., July 20, 1949, 29 U.S.C.A. § 207; Fair Labor Standards Amendments of 1949, Pub.L. No. 393, 81st Cong., 1st Sess., §§ 11, 14, Oct. 26, 1949, 29 U. S.C.A. §§ 213, 216."

And see Note 3 A.L.R.2d 1097 et seq.

davits filed in their support may be considered for the purpose of ascertaining whether an issue of fact is presented but they cannot be considered as a basis for deciding a fact issue. Frederick Hart & Co. Inc. v. Recordgraph Corp., 3 Cir., 1948, 169 F.2d 580. It is now well settled that summary judgment may be entered for either party if pleadings, depositions and admissions on file and affidavits show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Toebelman v. Missouri-Kansas Pipe Line Co., 3 Cir., 1942, 130 F.2d 1016 at page 1018.

As to the propriety of granting summary judgment rather than a motion to dismiss, see Hornbeck v. Dain Mfg. Co., D.C., 7 F.R.D. 605; Kirkham v. Pacific Gas & Elec. Co., D.C., 78 F.Supp. 658; cf. Coyle v. Philadelphia Macaroni Co., Inc., D.C., 9 F.R.D. 331.

In view of the foregoing, an appropriate order directing that summary judgment be entered in favor of the defendant will be filed herewith.