MARTHA WASHINGTON CREAMERY BUTTERED FLOUR CO. OF UNITED STATES, Limited, *v.* MARTIEN.

*(Circuit Court, E. D. Pennsylvania.   December 16, 1890.)*

1. TRADE-MARKS—INFRINGEMENT—INJUNCTION—DEFENSES.
     In a suit to restrain infringement of plaintiff's trade-mark it is no defense that defendant had a license for its use, where the contract for the license requires defendant to keep books, make returns. and pay royalties or forfeit the license, and it is shown that defendant failed to perform these conditions, and that plaintiff notified him that the license was terminated.

2. SAME—COMPENSATION.
     Nor is it any defense that compensation may be made, for plaintiff is not seeking to enforce a forfeiture, but insists that the license is terminated by the terms of the contract.

3. SAME—PURCHASE OF MACHINES.
     Nor is it any defense that defendant had purchased machines constructed on plaintiff's order for the manufacture of the article under the license, where such machines were not made by plaintiff, and he derived no advantage from their construction or purchase.

In Equity.   On final hearing.   For statement of facts see **37 Fed. Rep. 797.**

*Walter D. Edmonds,* for complainant, cited:

*Astor* v. *Turner,* 11 Paige, 436; *Mitchell* v. *Bartlett,* 51 N. Y. 447; *Argall* v. *Pitts,* 78 N. Y. 239; Thomas, Mortg. § 896; *Teal* v. *Walker,* 111 U. S. 242, 4 Sup. Ct. Rep. 420; *Young* v. *Iron Co.,* 13 Fed. Rep. 806; *Dow* v. *Railroad Co.,* 20 Fed. Rep. 768; *Blanchard* v. *Sprague,* 1 Cliff. 297; *Seibert, etc., Oil-Cup Co.* v. *Detroit Lubricator Co.,* 34 Fed. Rep. 221; *Railway Co.* v. *Dubois,* 12 Wall. 64; *Hill* v. *Epley,* 31 Pa. St. 334; *Patterson* v. *Lytle,* 11 Pa. St. 53; *McMillin* v. *Barclay,* 5 Fish. Pat. Cas. 201; *SingerManuf'g Co.* v. *June Manuf'g Co.,* 41 Fed. Rep. 208; *Waterman* v. *Shipman,* 39 O. G. 892; *Manufacturing Co.* v. *Stanage,* 6 Fed. Rep. 279; *Manufacturing Co.* v. *Riley,* 11 Fed. Rep. 706; *Galley* v. *Manufacturing Co.,* 30 Fed. Rep. 122.

*Horace Pettit,* for defendant, cited:

*Insurance Co.* v. *Norton,* 96 U. S. 234; Bisp. Eq. p. 236, § 181; *Hughes* v. *Directors, etc.,* L. R. 2 App. Cas. 439; *McNeil* v. *Amey,* 2 Wkly. Notes Cas. 65; *Oil Creek R. Co.* v. *Atlantic, etc., R. Co.,* 57 Pa. St. 65; Jeremy, Eq. Jur. 425, 471; Adams, Eq. 77, note; 2 Story, Eq. Jur. §§ 742, 750, 1319, 1323; *Steedman* v. *Cook,* 13 Serg. & R. 172; *Funk* v. *Haldeman,* 53 Pa. St. 239; *Wilson* v. *Lewis,* 2 Yeates, 466; *Kemble* v. *Graff,* 6 Phila. 402; *Ewart* v. *Irwin,* 1 Phila. 78; *Haverstick* v. *Gas Co.,* 29 Pa. St. 254; *Snow* v. *Alley,* 144 Mass. 546, 11 N. E. Rep. 764; *Brooks* v. *Stolley,* 3 McLean, 523; *Goodyear* v. *Rubber Co.,* 3 Blatchf. 449; *Buckley* v. *Manufacturing Co.,* 2 McCrary, 350, 7 Fed. Rep. 358; *White* v. *Lee,* 3 Fed. Rep. 222; *Hartell* v. *Tilghman,* 99 U. S. 547; *Wilson* v. *Sandford,* 10 How. 99; *Hartshorn* v. *Day,* 19 How. 211; *Goodyear* v. *Rubber Co.,* 4 Blatchf. 63; *Blanchard* v. *Sprague,* 1 Cliff. 288; *Merserole* v. *Collar Co.,* 6 Blatchf. 356; *Chaffee* v. *Bolting Co.,* 22 How. 217; *Bloomer* v. *McQuewan,* 14 How. 539; *Wilson* v. *Rousseau,* 4 How. 646; *Wilson* v. *Simpson,* 9 How. 109; *Hammond* v. *Organ Co.,* 92 U. S. 724.

BUTLER, J. The suit is brought to recover damages for infringing the plaintiff's trade-mark, and for an injunction against further infringement. The only defenses urged on the argument (and none other will be considered) were—*First,* a license, and, *second,* the purchase of machines which carried the right to use the mark on flour made by them. Neither defense is sustained by the proofs. The contract on which the license depends contains a clause for its expiration on failure to keep books, make returns, pay royalties, and to comply with other provisions. In neither of the respects specified did the defendant comply.

Not only do the proofs show this failure, but the defendant's letters distinctly and unequivocally admit it. After earnest but ineffectual effort to induce compliance the plaintiff notified defendant that the termination of the license was insisted upon. The subsequent offer to comply is unimportant. Conceding that the non-payment was excused while the ownership of royalties was in controversy, the defendant is not excusable for the period which elapsed after the controversy terminated. In the face of his written admissions the excuses now urged for the failure during this period are entitled to no weight. The argument that it is inequitable to hold the defendant to his contract; that compensation may be made for his failure; and the authorities cited in support of it,— are inapplicable to the case. The plaintiff is not appealing to equity to declare a forfeiture, nor to assist in obtaining its fruits. He stands on his trade-mark alone, and when the defendant sets up the contract of

license, he simply points to the fact that it has terminated. His right to insist on the provision from which this result flows is as sacred as that of the defendant, arising from other provisions. The purchase of machines was not made from the plaintiff. They were constructed by others, on the defendant's order, to be used in the manufacture of flour under the license. The plaintiff derived no advantage from their construction or purchase. The allegations of the answer in this respect are not sustained by the proofs. The plaintiff is entitled to a decree for an account, and an injunction.