Elizabeth W. Miller *v.* James H. Billington, Appellant.

|184  583|
|s194 452|

*Equity—Equity practice—Amendment of bill—Costs.*

An amendment to a bill in equity after the evidence has been taken, in order to make the averments of the bill conform to the plaintiff's case as developed in the testimony, may be allowed, but only upon proper conditions. In such case the plaintiff should pay the costs that would have been unnecessary if the bill had been properly drawn in the beginning.

Argued Jan. 12, 1898. Appeal, No. 217, Jan. T., 1896, by defendant, from decree of C. P. No. 2, Phila. Co., Sept. T., 1891, No. 728, on bill in equity. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Decree modified.

Bill in equity for an account.

The facts appear by the opinion of the Supreme Court.

*Errors assigned* among others were (2, 3) allowance of amendment of bill; (4, 5) imposing all of the costs on the defendant; (9) in not dismissing the bill.

*Amos Briggs,* for appellant.—To allow this amendment, introducing new cause of action after such a lapse of time, and after final argument on the exceptions, would, it seems to us, encourage slipshod practice in our equity proceedings, instead of care and deliberation in the light of all the facts before the parties, before invoking the labor and aid of the chancellor: Hoofstitler v. Hoofstitler, 172 Pa. 575; Schenck v. Olyphant Boro., 181 Pa. 191; Toomey v. Hughes, 25 W. N. C. 66.

*Theodore F. Jenkins,* with him *Charles L. Smyth,* for appellee, cited Dick's App., 106 Pa. 589.

OPINION BY MR. JUSTICE WILLIAMS, February 21, 1898:

The principal question raised in this case is one of practice. It is presented on the following facts: Mrs. Miller, the plaintiff, was, in March, 1883, the owner of a process for making and putting up for sale a variety of cotton packing known to the trade as "Globe Packing." She also owned a trade mark

used in connection with the business called "The Braid-core Trade Mark," which had been duly registered in the patent office under the number 2,239. On March 31, 1883, she sold this business and everything pertaining to it, including the trade mark, to Daniel Gage, by an agreement in writing, binding him to continue the manufacture of the packing at his own cost and expense and to use due diligence in the effort to put it upon the market and make sales of it. Gage also undertook to pay Mrs. Miller what is described in the contract as a royalty upon all the packing so made and sold, as a consideration for the sale of the business and an assignment of the trade mark. The amount of the royalty was fixed by deducting from the sales all the expenses of the manufacture and sale, plus seven and one half per cent of the selling price, and dividing the remainder into two equal parts, one of which was to be paid to Mrs. Miller. Gage also agreed to keep correct accounts of the packing made and sold, which should be open to inspection by Mrs. Miller, and to render her quarterly a statement of his sales showing the amount due to her. In May, 1890, Billington succeeded by purchase to all the rights of Gage under this contract, and assumed all his covenants and agreements made therein. Mrs. Miller approved and ratified this arrangement, accepting the defendant's undertaking in place of that of Gage. Very soon after this was done, he discontinued the use of the "Braid-core Trade Mark" but continued the manufacture and sale of the Globe packing and refused to account to Mrs. Miller for her royalty. He seems to have regarded the so-called royalty as a compensation for the use of the trade mark No. 2,239 which ceased to be demandable when he ceased the use of the trade mark. Mrs. Miller then filed the bill for an account now before us. The bill was drawn upon much the same theory as that on which the defendant had acted. It stated the obligation of the defendant to account, in the fifth paragraph, as resting upon a promise "to pay to your orator as a royalty for the use of said trade mark and as a consideration for the assignment thereof to him." Her demand was stated in the eighth paragraph to be for a royalty "on all packing embodying the said trade mark made and sold" by the defendant. The defendant admitted his liability to account for packing sold under the trade mark No. 2,239 but denied that he had made any use of it since the

first day of June, 1890. The bill and answer really raised the question of the use by the defendant of the trade mark. The case went to the master, before whom much testimony was taken upon this question, as well as upon another on which the decree was finally made. After this had been done, an application was made to amend the bill in order to make its averments conform to the plaintiff's case as developed in the testimony and place the defendant's liability not upon the use of the trade mark but upon the manufacture and sale of Globe packing and the undertaking to pay Mrs. Miller a share of the profits upon such manufacture and sales. This amendment was allowed, but by the terms of the final decree the defendant is required to pay the costs of his own successful defense against the bill as originally drawn. This was inequitable. The amendment should have been allowed upon terms. The answer made in December, 1891 put the plaintiff on notice, but the amendment was not moved for until May, 1895, after a large part of the costs in this case had accrued, much of which would have been unnecessary if the amendment had been promptly made. The motion should have been granted upon payment by the plaintiff of the costs that would have been unnecessary if the bill had been properly drawn in the beginning. The order allowing the amendment is now so modified, and the amendment allowed on payment of one half of the costs accrued prior to that date; and with this modification the decree is affirmed.