**HESS et al. v. FACTORS CORPORATION OF AMERICA.**

**Civ. A. No. 8335.**

United States District Court
E. D. Pennsylvania.

Aug. 30, 1948.

728

Lester S. Hecht, of Philadelphia, Pa., for plaintiffs.

David Bortin, of Philadelphia, Pa., for defendant.

GANEY, District Judge.

Plaintiffs, commission buyers of cattle, brought this action against the defendant, with which they had no business transactions, to recover Twenty Thousand, Eight Hundred Seventy Six and 79/100 Dollars ($20,876.79) for two shipments of cattle consigned by them to the Lewis A. Cross Company. The jurisdiction of this Court is based on the diversity of citizenship. The defendant has filed a motion under Rule 12(b) (6) of the Federal Rules of Civil Procedure, 28 U.S.C.A. to dismiss the complaint because it fails to state a claim against them upon which relief can be granted, in that it discloses no contract between the parties or any other facts under which plaintiffs have a right of action.

Inasmuch as the plaintiffs are not a party to the contract, for the breach of which this action is brought, the only legal ground, as it appears at this stage of the proceeding, upon which they may recover is that the plaintiffs are found to be third party creditor beneficiaries and not incidental ones.[1] This in turn will depend on whether the defendant, in promising to place money at the disposal of Lewis A. Cross Company and its acceptance of an assignment of a shipment of cattle from them, so that Lewis A. Cross Company could, instead of advising the plaintiffs to exercise their rights of stoppage in transitu, pay them for the shipments of cattle in question then in transit, intended to benefit the plaintiffs. Although the complaint does not precisely aver it, we think a reasonable inference may be drawn from the facts alleged therein, the truth of which is assumed, that the defendant so intended or agreed.

But even if the above were an unreasonable inference, the defendant still will not prevail on this motion. Under the federal pleading rules, the complaint need not set forth every fact essential to the plaintiffs' right of recovery.[2] Consequently it is difficult to lay down a general rule to determine just when a complaint is vulnerable to the attack of a motion to dismiss for failure to state a cause of action. Professor Moore in his admirable treatise, in quoting from DeLoach v. Crowley's, Inc., 5 Cir., 128 F.2d 378, 380, states: " 'A (complaint) may be dismissed on motion if clearly without merit; and this want of merit may consist in an absence of law to support a claim of the sort made, or of facts sufficient to make a good claim, or in the disclosure of some fact which will necessarily defeat the claim'. But a complaint should not be dismissed for insufficiency unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim. Pleadings are to be literally construed. Mere vagueness or lack of detail is not ground for a motion to dismiss * * * " 2 Moore's Federal Practice (2d Ed.) Sec. 12.08.

In the case before us the complaint, which sets forth facts in rather detailed fashion, is sufficient to apprise the defendant with reasonable certainty of the nature of plaintiff's claim, and clearly foreshadows what the defendant will be expected to meet at the trial. Any doubt on the part of the defendant on this point may be removed by its proceedings under Rule 17 or Rules 27 to 37. Moreover it is quite possible that the plaintiffs could prove, within the framework of their complaint, a state of facts at the trial which would entitle them to relief. For us to allow the defendant's motion at this time would be contrary to the mandate of the First Rule.[3]

Accordingly the motion to dismiss is denied without prejudice.

---

[1] See Restatement, Contracts Sec. 133 (1) (b) and illustrations thereunder.

[2] See United States District Judge Alger Fee, The Lost Horizon in Pleadings under the Federal Rules of Civil Procedure, 48 Columbia L.Rev. 491 (1948).

[3] Rule 1 of the Federal Rules of Civil Procedure provides: "These rules * * shall be construed to secure the just, speedy, and inexpensive determination of every action."