**JOSEPH BANCROFT & SONS CO.,**

v.

**SHELLEY KNITTING MILLS, INC.**

No. 25092.

United States District Court
E. D. Pennsylvania.

Aug. 4, 1958.

See also 3 Cir., 268 F.2d 569.

Alfred C. Aurich, Andrew R. Klein and Synnestvedt & Lechner, Philadelphia, Pa., for plaintiff.

Harry Langsam, David A. Saltzburg, Bernard L. Lemisch and Stanley Bilker, Philadelphia, Pa., for defendant.

VAN DUSEN, District Judge.

## I. History of Case.

On July 26, 1958, plaintiff filed its complaint, asking for these three specific types of relief in addition to a general prayer for such relief as might be just and equitable:

(a) A preliminary and perpetual injunction restraining defendant from (1) using the trademark "Ban-Lon," or any mark or name which colorably imitates this trademark, on products which are below plaintiff's standards, (2) distributing, selling, or advertising such products with reference to the trademark "Ban-Lon," or (3) using any unapproved labels or hang tags.

(b) Defendant deliver to plaintiff for destruction all labels, signs, and tags bearing the trademark "Ban-Lon."

(c) Defendant account for and pay to plaintiff all profits made by defendant in distribution and sale of inferior products bearing the trademark "Ban-Lon."

On the same day, plaintiff both filed a motion for preliminary injunction and served it upon defendant's counsel. At a conference with the hearing judge on July 29, 1958, counsel for defendant stated that it wished to file a motion for preliminary injunction and, with the agreement of both counsel, a hearing on both motions was scheduled for August 12, 1958. Subsequently, on August 4, 1958, defendant's motion for preliminary injunction was filed, seeking that plaintiff be restrained against (2) advertising this suit, (b) threatening throwsters from selling "Ban-Lon" yarn to defendant, and (c) threatening and intimidating defendant's customers from purchasing merchandise from them.

The hearing commenced on August 12, 1958, but, on the morning of August 13, defendant applied for a continuance on the ground that its president, John M. Ashe, had been admitted to the hospital that morning and his presence in court was necessary if the defendant was to be adequately represented. With the agreement of counsel, the hearing was continued until September 4, 1958, and concluded late on the afternoon of September 6. At that time, defendant was given a further opportunity, at 4 p. m. on September 10, to present the testimony of a Chicago witness who had wired inability to be in Philadelphia due to a death in his immediate family. However, on the morning of September 10, a message was left by defendant's counsel for the hearing judge stating that the witness could not be produced at this time.

Proposed findings of fact and conclusions of law were filed by the defendant on September 5, 1958, and by the plaintiff on September 8, 1958.

## II. Findings of Fact.

The hearing judge makes the following findings of fact:

1. Proposed findings of fact Nos. 1, 2, and 4 to 46, inclusive, of plaintiff and Nos. 1, 2, 4 to 6, inclusive, 9 to 11, inclusive, 16, 19 to 21, inclusive, and 22 of defendant are adopted as findings of fact of the court. The following numbered proposed findings of fact of the defendant, as modified below, are adopted as modified by the court:

A. No. 7, with all words after "1956" deleted.

B. No. 15, with all words after the word "sweaters" deleted.

C. No. 18, modified to read as follows:

"As of April 15, 1958, the plaintiff ordered its throwsters to change the name of the yarn to "Textralized," in accordance with Exhibit P–42."

D. No. 23, with the word "probably" inserted after the word "yarn."

E. No. 25, with the words "or other causes" added at the end of the sentence.

F. No. 42, with the words "prior to the spring of 1958" added at the end of the sentence. ·

G. No. 43, with the words "Prior to the spring of 1958" inserted at the beginning of the sentence.

2. The plaintiff has good reason to believe that requiring sweaters of the styles sold by defendant under the trademark "Ban-Lon" to have 28 stitches per inch will result in a high quality sweater, particularly with respect to resistance to pilling and fuzzing.

### III. Discussion.

 Plaintiff objects to the continued use of its trademark "Ban-Lon" on the end products (sweaters) manufactured by defendant, principally due to the failure of defendant to comply with plaintiff's requirement that the sweater fabric contain a density of 28 stitches per inch. Defendant contends that this requirement is unnecessary and unfair and that its sweaters are a fine quality product which would not be improved by having 28 stitches per inch. It also offered evidence to show that such a requirement is impossible for it to comply with economically on the machines it has purchased. While the hearing judge has sympathy with the predicament in which defendant finds itself, the plaintiff is en-

titled to the relief which it seeks for these reasons, among others:

A. The plaintiff has built up a valuable property right in the name "Ban-Lon" and is entitled to make its own decision as to the terms under which this name be used, particularly where, as here, the evidence requires the conclusion that plaintiff's terms are reasonable (see Finding of Fact No. 2).

B. Defendant has not shown how many sweaters it had on hand at this time and its evidence indicates that the failure of defendant to use the name "Ban-Lon" and plaintiff's related mark will not cause it substantial damage.[1] The injunction's being entered does not prevent defendant from making and selling sweaters from the same type yarn, but only requires it not to use plaintiff's trademark.

C. All of the approvals given to the styles of sweaters submitted by defendant to plaintiff have expired (Exhibits D–24 to D–28, inclusive) and plaintiff warned defendant in the chambers of the hearing judge on August 13, 1958, that, if the court found that plaintiff was entitled to the preliminary injunction sought by its motion filed July 26, 1958, the right to use the name "Ban-Lon" under the letter contract of August 6, 1957 (Exhibit P–8B) would be formally withdrawn. See, also, plaintiff's Proposed Findings of Fact Nos. 37 and 38.[2]

D. The use by defendant of plaintiff's name "Ban-Lon" and the related symbol on its sweaters is without plaintiff's authority and constitutes unfair competition. See Rosenberg Bros. & Co. v. Elliott, 3 Cir., 1925, 7 F.2d 962, 965; Ard

---

1. Defendant's president (Mr. John Ashe) contends that prices and quality of "Ban-Lon" sweaters were "all over the lot" and they have done a bad job at quality control. This testimony was given in connection with the situation existing prior to and at the time of a meeting in January 1958, and Mr. Ashe's testimony indicated that he felt there have been no improvements in plaintiff's quality control program since that time. In view

of defendant's view of the lack of effectiveness of the "Ban-Lon" quality control program, it is difficult to see how defendant contends it will be greatly damaged by not being able to use the name "Ban-Lon" on its sweaters. Defendant's testimony indicated that most of its December 31, 1957, inventory had been liquidated prior to September 6, 1958.

2. See, also, Exhibits P–12, P–18, P–19, P–21, P–23, P–24, P–43, and D–40.

Dr. Pepper Bottling Co. v. Dr. Pepper Co., 5 Cir., 1953, 202 F.2d 372, 377; Q-Tips, Inc. v. Johnson & Johnson, 3 Cir., 1953, 206 F.2d 144, 145; Ambassador East, Inc., v. Orsatti, Inc., 3 Cir., 1958, 257 F.2d 79.

E. The use by defendant of plaintiff's trademark is an infringement of the mark and plaintiff is entitled to an injunction under the trademark laws of the United States. See 15 U.S.C.A. §§ 1114, 1055 and 1127. Martha Washington Creamery Buttered Flour Co. of United States v. Martien, C.C.Pa.1890, 44 F. 473, 474; Manischewitz Food Products, Inc. v. Rosenberg, D.C.E.D.Pa.1949, 9 F.R.D. 115; General Talking Pictures Corp. v. Western Electric Co., 1938, 305 U.S. 124, 126, 59 S.Ct. 116, 83 L.Ed. 81; Mishawaka Rubber & Woolen Mfg. Co. v. S. S. Kresge Co., 1942, 316 U.S. 203, 205, 62 S.Ct. 1022, 86 L.Ed. 1381; North Star Woolen Mill Co. v. Caron, 83 U.S.P.Q. 165 (1949); Knight, Inc. v. W. L. Milner & Co., D.C.N.D.Ohio 1922, 283 F. 816; Vanity Fair Mills, Inc. v. Pedigree Fabrics, Inc., 1947, 161 F.2d 226, 228, 34 CCPA 1043.

■ In the absence of the submission of any evidence by defendant of the number of sweaters which it now has on hand made of "Ban-Lon" yarn or "Textralized" yarn which bear the label or tag of plaintiff and in view of all the evidence, the bond required of plaintiff will be in the amount of $75,000 (see Footnote 1 above).

■ The defendant has not submitted sufficient evidence to justify the grant of its motion for preliminary injunction or any part of that motion.

## IV. Conclusions of Law.

The hearing judge makes the following conclusions of law:

1. This court has jurisdiction over the parties and of the subject matter, pursuant to 28 U.S.C.A. § 1332 and to the trademark laws of the United States.

2. Paragraphs 1 to 8, inclusive, of the proposed conclusions of law filed by plaintiff are adopted as conclusions of law of the court, with the substitution of "$75,000.00" for "$50,000.00" in paragraph 7(d).

3. Plaintiff's trademark is not used in such manner as to deceive the public (see 15 U.S.C.A. § 1055).

4. Paragraph No. 12 of defendant's proposed conclusions of law is adopted as a conclusion of law of the court.

All other proposed findings of fact and conclusions of law are denied.

## Order Granting Preliminary Injunction.

And Now, September 11, 1958, It Is Ordered, Adjudged and Decreed that the defendant, its officers, servants, employees, attorneys, agents, and each of them, be enjoined preliminarily, and until further order of this court, from

(a) using the trademark "Ban-Lon" on or with reference to any products which are of quality inferior to the standards prescribed by plaintiff and which have not been approved by plaintiff;

(b) directly and indirectly distributing, selling or advertising such inferior quality products under or by reference to the trademark "Ban-Lon";

(c) directly or indirectly distributing, selling or advertising any products bearing any mark or name which colorably imitates plaintiff's trademark "Ban-Lon"; or

(d) using any labels or hang tags bearing plaintiff's trademark "Ban-Lon" unless and until approval for the use thereof shall first have been obtained from plaintiff;

conditioned upon the filing by plaintiff of a bond in the amount of $75,000;

And It Is Further Ordered that defendant's motion for preliminary injunction filed August 4, 1958, is denied.