## HAYS et al. v. HERCULES POWDER CO.
### No. 4505.

District Court, W. D. Missouri, W. D.

Dec. 26, 1947.

Brandom, Frazier & Brandom, of Kansas City, Mo., for plaintiffs.

Madden, Freeman, Madden & Burke and Frank Barker, all of Kansas City, Mo., for defendant.

REEVES, District Judge.

This is a class action for the recovery of alleged unpaid wages under the Portal-to-Portal decision of Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 66 S.C.St. 1187, 90 L.Ed. 1515.

On November 1st, 7 F.R.D. 599, the plaintiffs were granted 30 days within which to file an amended complaint so as to comply with the Portal-to-Portal Act of the Congress, 29 U.S.C.A. § 251 et seq. No substantial change is made in the amended petition. In paragraph 6, page 6 of the amended petition, the plaintiffs use the following pertinent language: "That said work for which plaintiffs have not been compensated including all of the

748

above mentioned activities, was contracted for by the defendant at rates consistent with the provision of the Fair Labor Standards Act [29 U.S.C.A. § 201 et seq.] and Executive Order 9240 [40 U.S.C.A. § 326 note], to-wit: 'Time and one half for hours worked in access (excess) of forty hours per week (and time and one half for hours worked in access (excess) of eight (8) hours in any one day.' "

1. The Portal-to-Portal Act of 1947 specifically took away the jurisdiction of federal courts in such cases,

" * * * except an activity which was compensable by either—

"(1) an express provision of a written or nonwritten contract in effect, at the time of such activity, between such employee, his agent, or collective-bargaining representative and his employer; or

"(2) a custom or practice in effect, at the time of such activity, at the establishment or other place where such employee was employed, covering such activity, not inconsistent with a written or nonwritten contract, in effect at the time of such activity, between such employee, his agent, or collective-bargaining representative and his employer." 29 U.S.C.A. § 252(a) (1, 2).

As has been repeatedly said, the federal district courts are courts of limited and statutory jurisdiction. Such courts are created by Act of Congress and the jurisdiction of the courts is conferred by Act of Congress. It is within the power of the Congress to take away jurisdiction, as it may deem proper.

By paragraph (d) of Section 2 of the Portal-to-Portal Act of 1947, it is provided: "No court of the United States, of any State, Territory, or possession of the United States, or of the District of Columbia, shall have jurisdiction of any action or proceeding, whether instituted prior to or on or after the date of the enactment of this Act, to enforce liability * * * for or on account of the failure of the employer to pay * * * overtime compensation under the Fair Labor Standards Act of 1938, as amended, under the Walsh-Healey Act, or under the Bacon-Davis Act, to the extent that such action or proceeding seeks to enforce any liability * * * with respect to an activity which was not compensable under subsections (a) and (b) of this section."

By this enactment Congress took away the jurisdiction of the district courts to entertain or adjudicate in an action of this kind unless within the exceptions heretofore set out.

2. If the plaintiffs believe, as they do, that their petition or complaint is sufficient under the exceptions noted to bring them within the jurisdiction of the court, then, under Rule 8, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, the pleading in claims for relief "shall contain (1) a short and plain statement of the ground upon which the court's jurisdiction depends."

This rule requires such an averment before an effort is made to set out the nature of the claim. Such an averment does not appear in the petition in this case. There is a suggestion, as above stated, "that said work * * * was contracted for by the defendant at rates consistent with the provisions of the Fair Labor Standards Act, etc." This averment is not sufficient as the reference to a contract was for rights, and not for services, as specifically required by the statute.

Note the language of paragraph (b) of said Section 2: "For the purposes of subsection (a) of this section, an activity shall be considered as compensable under such contract provision or such custom or practice only when it was engaged in during the portion of the day with respect to which it was so made compensable."

And, then, by paragraph (c) the Congress said: "In the application of the * * * overtime compensation provisions of the Fair Labor Standards Act of 1938 * * * in determining the time for which an employer employed an employee there shall be counted all that time, but only that time, during which the employee engaged in activities which were compensable within the meaning of subsections (a) and (b) of this section."

In the light of the Portal-to-Portal Act and the Rules of Civil Procedure, and applying same to the petition or complaint in this case, it is obvious that the plaintiffs

fail to bring themselves within the express provisions of the Portal-to-Portal Act.

Judge Ridge of this court has upheld the constitutionality of the Portal-to-Portal Act, as have many other judges, and, as indicated, the plaintiffs' amended petition being insufficient, it should be dismissed, and it will be so ordered.