SADLER et al. v. W. S. DICKEY CLAY
MFG. CO.
No. 4522.

District Court, W. D. Missouri, W. D.
Feb. 26, 1948.

---

Bruner, Farabi & Matuska, of Pittsburg, Kan., and Wolf & Leary, of Joplin, Mo., for plaintiffs.

Maurice H. Winger, Frank P. Barker, and George J. Winger, all of Kansas City, Mo., for defendant.

RIDGE, District Judge.

Federal District Courts have the duty to enforce statutory limitations as to their jurisdiction. Such Courts, on their own motion, if led to believe that their jurisdiction is not properly invoked, should inquire into facts as they really exist, or require a specific statement of facts to be incorporated in the pleadings clearly establishing the jurisdiction of the Court. McNutt v. General Motors Acceptance Corporation of Indiana, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135.

Section 2(d) of the Portal-to-Portal Act of 1947, 29 U.S.C.A. §§ 251–262, withdraws from the Courts jurisdiction of portal-pay claims, unless such claims arise either by virtue of (1) an express provision of a written or an unwritten contract in effect at the time the activity was performed; or (2) a custom or practice not inconsistant with a contract which was in effect at the employee's work place when the activity was being performed.

In the memorandum opinion heretofore filed in this proceeding holding the Portal-to-Portal Act of 1947, supra, constitutional (Sadler v. W. S. Dickey Clay Mfg. Co., 73 F.Supp. 690), leave was granted plaintiffs to file an amended petition so that they might allege, if they could, jurisdictional averments necessary to a right to further maintain this action in light of the provisions of Section 2(d), of the Portal-to-Portal Act, supra. Plaintiffs have now filed such amended petition. Defendant moves to dismiss the same, on the ground that said amended petition fails to establish jurisdiction in this Court over the subject-matter of this action; and that it fails to state a claim upon which relief can be granted.

In their amended petition, plaintiffs allege, in the language of Section 2(d), of the Portal-to-Portal Act of 1947, supra, that the activities for which they here make claim to overtime compensation, were compensable by reason of (a) "a provision of a non-written contract in effect at the time of such activities"; (b) "an express provision of a written or non-written contract"; (c) "a custom or practice in effect at the time of such activities"; (d) that all such "activities * * * were engaged in during the portion of the day with respect to which (they were) made compensable"; and (e) that the time spent in said activities constituted "working time within the meaning of Section 7(a)" of the Fair Labor Standards Act, 29 U.S.C.A. § 207(a). Without undertaking a detailed analysis of the allegations of the amended petition, it may be stated that the activities for which plaintiffs seek overtime compensation are typical portal-to-portal activities, shown to arise prior to, or after the "principal activity" of the respective plaintiffs' employment with defendant; that the jurisdictional grounds averred therein are stated in the language of Section 2(a) and (d), supra, without any facts being alleged in the petition from which such jurisdictional averments can be inferred.

618

■ To its motion to dismiss, defendant has attached copies of all contracts of employment and collective bargaining agreements it has entered into, "between plaintiffs, their agent or agents, or collective bargaining representative or representatives" during the period here involved. An examination of those contracts fails to reveal any express (or even an implied) agreement between the parties thereto, by which the activities here asserted by plaintiffs could be held to be compensable as working time, or otherwise, by reason of plaintiffs' employment with defendant. Attached to said motion is the affidavit of the chief officer of defendant, specifically denying the existence of any custom or practice in effect, at the establishment or other place where plaintiffs were employed, which would make compensable the activities stated. Regardless of the conclusions of law stated by plaintiffs in their complaint as to the jurisdiction of this Court, if the activities and compensation here claimed by plaintiffs are not shown to be expressly covered by contract, or they are not compensable by virtue of a custom or practice in existence at the establishment or other place where the plaintiffs were employed by defendant, then under Section 2(d), supra, this Court can proceed no further with this cause, other than to dismiss the same.

■ The action taken by Congress in the Portal-to-Portal Act, supra, was intended to outlaw all existing claims made under the Fair Labor Standards Act which were not based on contract, custom or practice. In said Act, the Courts are specifically told that they do not have jurisdiction to determine certain claims made by employees against employers for the payment of minimum wages or overtime compensation. It seems manifest from the method adopted by Congress in so delimiting the jurisdiction of courts to hear and determine claims arising under the Fair Labor Standards Act, as amended, that Congress intended that before an employee could invoke the jurisdiction of the courts in the enforcement of such claims, the employee should affirmatively and distinctly establish by facts his right to maintain such action and the jurisdiction of the court thereover. In light of the facts established by the documents filed in support of defendant's motion to dismiss, we do not believe that the general allegations contained in the amended complaint undertaking to aver the jurisdiction of this Court over this cause can be held to be a sufficient showing of jurisdiction in this Court to further proceed herein. The intent of the order previously entered, giving leave to plaintiffs to set forth facts by which they contend this Court has jurisdiction of this cause, was that the plaintiffs should allege the express provisions of any contract upon which they relied; or the facts and circumstances surrounding the establishment or existence of any custom or practice which they claim would make the activities plaintiffs here assert, compensable. The general allegations contained in the amended complaint do not comport with the intent and purpose of such order. Under the established rule, that a plaintiff suing in a Federal Court must show in his petition, affirmatively and distinctly, the existence of whatever is essential to Federal Jurisdiction, we believe that under Section 2(d), supra, of the Portal-to-Portal Act of 1947, plaintiffs, relying upon a contract, must allege the express provision of such contract that would authorize the payment of compensation for the particular activity claimed; or if relying upon a custom, that he should allege facts from which the custom or practice may be inferred that would make such activities compensable. If a plaintiff does not do so, the Court, on having such defect called to its attention, upon discovering the same may dismiss the case, unless the defect can be corrected by amendment. Smith v. McCullough, 270 U. S. 456, 459, 46 S.Ct. 338, 70 L.Ed. 682.

■ Plaintiffs have not accommodated us with a reply to the brief of defendant in support of its motion to dismiss, or taken issue with defendant as to the lack of existence of an express provision of a contract, or the existence of a custom or practice under which the activities here claimed by them could be compensable. In light of the fact that plaintiffs, after being afforded an opportunity so to do, have failed to set forth or refer to any express provision of a contract, or allege in their amended complaint any facts which establish the ex-

istence of a custom or practice under which the activities here asserted by them are made compensable; and, it now being made to appear that such matters do not in fact exist, we believe that defendant's motion to dismiss this action should be sustained. The expense of preparing this case for trial would be burdensome to all parties. At a trial on the merits, facts appearing such as are now made to appear in defendant's motion to dismiss, this Court would be compelled to then dismiss this action. The general allegations contained in the amended complaint should not, under the circumstances of this case, be held to be sufficient to cause the parties to undertake the burden of expense of preparing this case for trial when such a ruling seems evident and inevitable.