## Shields v. Blue Grass Ordnance Depot, Inc.

November 12, 1948.

George C. Robbins and Shumate & Shumate for appellant.

Harbison, Kessinger, Lisle & Bush for appellee.

OPINION OF THE COURT BY CLAY, COMMISSIONER—
Affirming.

This is what has become commonly known as a "Portal-to-Portal" lawsuit. It was filed November 3, 1945. During its pendency the Federal Congress enacted a statute designed to outlaw this type of action except upon certain prescribed conditions. 29 U. S. C. A. sec. 251 et seq. After its effective date, appellee filed a "Plea to the Jurisdiction," setting up the new Federal law and alleging the Court had lost jurisdiction of the action. To this pleading appellants filed a general demurrer. The Court overruled the demurrer, sustained the plea to the jurisdiction, and dismissed appellants' petition.

The action was filed to recover overtime compensation and liquidated damages under the Fair Labor Standards Act of 1938. 29 U. S. C. A. sec. 216(b). Appellee presents a strong argument to the effect that appellants were not covered by this Act, but we will assume, though definitely do not decide, the contrary. Appellants allege: they were employed by appellee from October 25, 1943 until October 21, 1945; they worked and were paid on the basis of a 48 hour week; and from the date of their employment until April 15, 1945 they worked an additional time of forty-five minutes each day for which they had not been compensated. This "work" consisted of receiving guns and ammunition, answering roll call, and punching time cards prior to going on the regular shift; returning to the post of duty at the end of the shift, turning in guns and ammunition, and again punching time cards.

The "Portal-to-Portal Act of 1947" provides specifically that no court of the United States or of any

state shall have jurisdiction of any action (whether instituted prior to or after the enactment of the Act) to enforce a liability or impose punishment with respect to an "activity" which was not compensable under subsections (a) and (b) of Section 252. 29 U. S. C. A. sec. 252 (d).

Subsection (a) provides that no employer shall be subject to liability or punishment on account of any activity unless it was compensable by either (our italics):

"(1) an *express provision* of a written or nonwritten *contract* in effect, at the time of such activity, between such employee, his agent, or collective-bargaining representative and his employer; or

"(2) a *custom or practice* in effect, at the time of such activity, at the establishment or other place where such employee was employed, covering such activity, not inconsistent with a written or nonwritten contract, in effect at the time of such activity, between such employee, his agent, or collective-bargaining representative and his employer."

Subsection (b) provides:

"(b) For the purposes of subsection (a) * * *, an activity shall be considered as compensable under such contract provision or such custom or practice only when it was engaged in during the portion of the day with respect to which it was so made compensable."

Appellants have failed to allege in their petition and amended petitions any "express provision" of a contract which would entitle them to the additional compensation claimed in this suit.

Our question is narrowed to whether or not they sufficiently alleged in their pleadings a custom or practice in effect at the time they claim to have performed the extra duties. The only allegations bearing on this question appear in appellants' fourth amended petition as follows:

"The plaintiffs further say that same was and is recognized by the defendant as being compensible overtime wages because the defendant paid the plaintiffs the same and similar overtime wages which compensible overtime wages form the basis of the aforementioned pay-

ment to the plaintiffs accrued and occurred to the plaintiffs by the performance by them of the same character of overtime work and duties for the defendant as that for which the plaintiffs seek recovery in this action.

"The plaintiffs further say that the custom or practice on the part of the defendant in so paying them the said overtime wages a part of the time the plaintiffs were employed by the defendant in the capacity aforesaid, by the doing of which the defendant recognized the fact that the plaintiffs were and are entitled to be paid overtime wages, for which the plaintiffs seek recovery in this action against the defendant, was or is not inconsistent with the written or non-written contract or contracts between the plaintiffs or any of the plaintiffs or the plaintiffs' agent or agents or plaintiffs' collective bargaining representative or representatives and the defendant."

These uncertain statements fall far short of sufficiently pleading a custom or practice. To properly do so, *facts* must be alleged which show that such custom or practice was certain, general, uniform, and recognized. Aulich et al. v. Craigmyle et al., 248 Ky. 676. 59 S. W. 2d 560.

Since the expressed objective of the "Portal-to-Portal Act" (Findings and Policy in Preamble) was to eliminate litigation based on claims of this sort unless they were distinctly compensable under a contract, custom or practice, claimants must clearly and fully set out the facts which establish the court's jurisdiction. To accept general or vague allegations as sufficient would violate the very purposes of the Act. See Bartels et al. v. Sperti, Inc., D. C. S. D. N. Y., 73 F. Supp. 751; Sadler et al. v. W. S. Dickey Clay Mfg. Co., D. C. Mo., 78 F. Supp. 616.

The suggestion in the above quoted allegations that a custom existed because appellants had been paid similar overtime wages is refuted by other allegations in their original petition which show that payments such as those here claimed were not made *during the period* for which appellants now claim additional compensation. Subsection (a) (2) of the Act specifically provides that the custom or practice relied upon must have been in

effect *at the time of the activity,* and not at an earlier or later date.

Appellants complain that on the demurrer to the "Plea to the Jurisdiction" the Court should not have considered the allegations of appellants' petition as amended. However, it is well settled that a demurrer is "a searchlight for the entire record." Cleveland Wrecking Co. v. Aetna Oil Co., 287 Ky. 542, 154 S. W. 2d 31, 35, 137 A. L. R. 352. More important, however, is the fact that the merits of this plea cannot be determined without consideration of the facts alleged in appellants' petition as the basis of the court's jurisdiction. They were insufficient, and the Court's action was in all respects proper.

The judgment is affirmed.