## SINCLAIR et al. v. UNITED STATES GYPSUM CO.

Civ. A. No. 3370.

United States District Court
W. D. New York.

Nov. 18, 1948.

William L. Clay, of Rochester, N. Y., for plaintiffs.

Scott, MacLeish & Falk, of Chicago, Ill., and Nixon, Hargrave, Middleton & Devans, of Rochester, N. Y. (Harold D. Burgess and Arlindo S. Cate, both of Chicago, Ill., and Casper V. Baltensperger, of Rochester, N. Y., of counsel), for defendant.

KNIGHT, Chief Judge.

The original complaint in this action was dismissed with right to amend (see this court's opinion reported 75 F.Supp. 439). The first amended complaint was met by this court's order, entered May 19, 1948, requiring plaintiffs to make a more definite statement of their claims or again suffer dismissal. The second amended complaint is now met by defendant's motion asking for dismissal on the ground that it does not set out more definite facts as required by said order, and on the further grounds (1) that it fails to state a claim compensable under Section 2(a) and (b) of the Portal-to-Portal Act of 1947, 29 U.S.C.A. § 252(a, b); (2) that the court lacks jurisdiction over subject matter; (3) that this is not a joint action under Section 16(b) of Fair Labor Standards Act, 29 U.S.C.A. § 216(b), nor a class action under Rule 23, Federal Rules of Civil Procedure, 28 U.S.C.A., and the damages claimed by each plaintiff are less than $3,000. Defendant, in the alternative, moves for an order requiring a more definite statement with respect to allegations in designated paragraphs of the complaint.

The second amended complaint, based on alleged violations of the Fair Labor Standards Act of 1938, alleges that plaintiff Sinclair is and decedent Ralyea was a resident of this District; that defendant, an Illinois corporation, manufactures gypsum and other products in Genesee County, New York, for interstate commerce; that Sinclair and Ralyea were employed by defendant in the production of goods for such commerce for work weeks longer than 40 hours; that the overtime period for Sinclair was from February 26, 1941, until December 10, 1942—for Ralyea was from February 26, 1941, until July 18, 1942.

Plaintiff Sinclair demands $633.36 and the administratrix of Ralyea $487.20 for overtime and double these amounts for liquidated damages, together with reasonable attorney's fees.

Portal-to-Portal Act of 1947, 61 U. S. Statutes at Large, Chap. 52, provides in part as follows:

"Sec. 2(a). No employer shall be subject to any liability or punishment under the Fair Labor Standards Act of 1938, as amended * * * on account of the failure of such employer to pay an employee minimum wages, or to pay an employee

overtime compensation, for or on account of any activity of an employee engaged in prior to the date of the enactment of this Act, except an activity which was compensable by either—

"(1) an express provision of a written or nonwritten contract in effect, at the time of such activity, between such employee, his agent, or collective-bargaining representative and his employer; or

"(2) a custom or practice in effect, at the time of such activity, at the establishment or other place where such employee was employed, covering such activity, not inconsistent with a written or nonwritten contract, in effect at the time of such activity, between such employee, his agent, or collective-bargaining representative and his employer."

Plaintiffs do not allege that their claims for overtime compensation are based on any contract, custom or practice.

It is alleged in paragraph Ninth "that the overtime employment and overtime work required of the said James Sinclair and Homer Ralyea and which were performed by them * * * necessitated (them) to be at their places of employment for a considerable period of time before they were permitted to punch the time clock at the commencement of their regular eight-hour shift, and were compelled by the defendant to remain at their places of employment for a considerable period of time each day after they were required to punch the clock at the close of the day; that this additional time per day was work time and not for (their) convenience * * * but was assigned and required by the defendant, and included preparatory activities and activities related to protective equipment at the start of the day, and that (they) could not perform their principal activities but for these preparatory activities, and which was required of them by the defendant and which conformed to the safety and health rules of the defendant's plant; that such overtime activities were indispensable to their productive work for the defendant."

In Paragraph Eleventh it is alleged that each employee during the stated periods worked overtime "at least or in excess of one hour daily and for a six-day week."

Section 2(d) of Portal-to-Portal Act of 1947 provides in part:

"No court of the United States * * * shall have jurisdiction of any action or proceeding, whether instituted prior to or on or after the date of the enactment of this Act, to enforce liability or impose punishment for or on account of the failure of the employer to pay minimum wages or overtime compensation under the Fair Labor Standards Act of 1938, as amended * * * to the extent that such action or proceeding seeks to enforce any liability or impose any punishment with respect to an activity which was not compensable under subsections (a) and (b) of this section."

Since this second amended complaint, like the two prior complaints, has wholly failed to allege that plaintiffs' claims for overtime compensation are based on any contract, custom or practice, it fails to state a cause of action under the Portal-to-Portal Act of 1947 or one of which this court has jurisdiction, and must therefore be dismissed. Holland v. General Motors Corp., D.C., 75 F.Supp. 274; affirmed 2 Cir., 169 F.2d 254.

Plaintiffs' attorney, however, insists that their alleged overtime work was not preliminary or postliminary but was an integral part of their principal activities and relies on certain illustrative examples found in a statement of the Administrator, Wage and Hour Division of the U. S. Department of Labor. Federal Register, November 18, 1947; Code of Federal Regulations, Tit. 29, Ch. V. This contention is disposed of in Note 15 annexed to the Circuit Court of Appeals, 2 Cir., opinion in Battaglia v. General Motors Corp., 169 F. 2d 254, 262, supra. The Court also said: "Since Congress, for the reasons heretofore stated, otherwise had the power to enact the Portal-to-Portal Act, the fact that one of the Act's incidental effects is to prevent the courts from following the Tennessee Coal Iron & R. Co. [321 U.S. 590, 64 S.Ct. 698, 88 L.Ed. 949, 152 A.L.R. 1014], Jewell Ridge Coal Corp., 325 U.S. 161, 65 S.Ct. 1063, 89 L.Ed. 1534, and Mt. Clemens Pottery Cases [328 U.S. 680, 66 S. Ct. 1187, 90 L.Ed. 1515], is of no importance."

Plaintiffs cannot recover for alleged overtime work unless they allege and prove that this work was compensable under some effective "written or nonwritten contract" or "a custom or practice in effect, at the time of such activity." Battaglia v. General Motors Corp., 2 Cir., 169 F.2d 254, supra; Seese v. Bethlehem Steel Co., 4 Cir., 168 F.2d 58. Since plaintiffs have thrice failed to make any such allegation, their second amended complaint must be and is hereby dismissed.