### HUTCHINGS v. LANDO et al.

United States District Court
S. D. New York.
March 1, 1949.

Kurt Widder, of New York City, for plaintiff.

Bandler, Brady, Haas & Kass, of New York City (John J. Gallione, of New York City, of counsel), for defendants.

GODDARD, District Judge.

This is a motion to dismiss the amended complaint on the ground that the court lacks jurisdiction of the subject matter and that the amended complaint fails to set forth a claim upon which relief can be granted.

The action is for unpaid overtime under the Fair Labor Standards Act of 1938, as amended by the Portal-to-Portal Act, 29 U.S.C.A. §§ 201–219, 251–262.

Upon a motion to dismiss the original complaint for failure to allege the jurisdictional facts required by Section 2(a) (1, 2) of the Portal-to-Portal Act, the court granted the motion with leave to the plaintiff to amend.

The plaintiff amended by inserting a new paragraph which reads: "That at all times hereinafter mentioned, the above activities of the plaintiff were compensable under the express provisions of the employment agreement between the plaintiff and defendant in effect at the time of such activities, and such activities were enjoyed in during the portion of the day with re-spect to which they were so made compensable."

The defendants assert that this additional allegation is not sufficient to meet the jurisdictional requirements of Section 2 (a)(1, 2) of the Portal-to-Portal Act.

The facts required by Section 2(a) (1, 2) of the Portal-to-Portal Act are jurisdictional and a complaint failing to allege them must be dismissed as defective. Battaglia, et al. v. General Motors Corporation, 2 Cir., 169 F.2d 254.

A general allegation in the language of the statute that activities were compensable under an express provision of the contract, without setting forth the contract or particular provision thereof or facts in support of such allegation is insufficient to cure the jurisdictional defect. Smith v. Cudahy Packing Company, D.C., 76 F.Supp. 575; Sadler v. W. S. Dickey Clay Manufacturing Company, D. C., 78 F.Supp. 616; Johnson v. Park City Consolidated Mines Company, D.C., 73 F. Supp. 852, cited with approval in Battaglia v. General Motors Corporation, supra; Story v. Todd Houston Shipbuilding Corporation, D.C., 72 F.Supp. 690, cited with approval in Battaglia v. General Motors Corporation, supra.

The motion to dismiss is accordingly granted with leave to the plaintiff to amend within ten days after the entry of an order.

Settle order on notice.