COYLE et al. v. PHILADELPHIA MACARONI CO., Inc.

COYLE et al. v. UNITED BISCUIT CO. OF AMERICA.

ARNOLD et al. v. KEEBLER–WEYL BAKING CO.

CONTRESS et al. v. KEEBLER–WEYL BAKING CO.

Civ. Nos. 6992, 7048, 7707, 7731.
United States District Court
E. D. Pennsylvania.

July 12, 1949.

---

E. G. Scoblionko, Allentown, Pa., for plaintiffs.

C. Tracy Taylor, Philadelphia, Pa., and Washington, D. C., for defendants.

GANEY, District Judge.

The four actions here involved were brought for overtime compensation, liquidated damages and a reasonable attorney's fee under the provisions of the Fair Labor Standards Act[1] of 1938. Two of the actions were filed before the enactment of the Portal-to-Portal Act[2]; the others thereafter. The complaint in each of the actions, after alleging that the defendant was engaged in the production of goods for interstate commerce and that the employees on

1. Act of June 25, 1938, c. 676, 52 Stat. 1060–1069, as amended, 29 U.S.C.A. §§ 201–219.

2. Act of May 14, 1947, 61 Stat. 84–90, 29 U.S.C.A. §§ 251–262.

whose behalf the action was brought were also so engaged, simply recited that the defendant had violated the provisions of Sec. 7 of the Fair Labor Standards Act by employing its employees for work weeks longer than the maximum hours specified in the Act without compensating them for the excess hours at rates not less than one and one-half times the regular rates for which they were employed. Relying on the Portal-to-Portal Act, the defendant in each of the actions filed motions to dismiss the complaint for the reasons that under the allegations therein (1) the court lacked jurisdiction and (2) it failed to state a claim upon which relief can be granted. Pursuant to orders of this court, the plaintiffs in each of the actions amended the complaint within the thirty day period allotted them. Since then our Court of Appeals has declared the Portal-to-Portal Act to be constitutional in some fifteen cases sub nom Thomas et al. v. Carnegie-Illinois Steel Corporation, 3 Cir., 1949, 174 F.2d 711. On the same grounds previously given, the motions to dismiss have been renewed. In addition one of the defendants asks that in the event the motion to dismiss for failure to state a claim is denied, the plaintiffs be required to file a more definite statement.

Section 2 of the Portal-to-Portal Act of 1947, 29 U.S.C.A. § 252, provides in part that no Federal court shall have jurisdiction of any action to enforce liability on account of the failure of the employer to pay overtime compensation under the Fair Labor Standards Act of 1938, as amended, to the extent that such action seeks to enforce any liability with respect to an activity engaged in prior to May 14, 1947 which was not compensable by contract, custom or practice. Thus as far as an action seeks to enforce liability under the Fair Labor Standards Act for activities engaged in prior to May 14, 1947, the fact that such activity was compensable by contract, custom or practice is jurisdictional. According to Rule 8(a) (1) of the Federal Rules of Civil Procedure, 28 U.S.C.A., the grounds upon which the court's jurisdiction depends must be set forth in the complaint.

Each of the amended complaints, in addition to including activities engaged in from the date of the amended complaint, states via paragraph VII that during the period of employment, "plaintiffs were required to change into and wear special clothing on defendant's premises while working for defendant, and said clothes-changing became so related and indispensable to plaintiffs' specific work as to be regarded an integral part of plaintiffs' principal activities * * *. Defendant at all times has refused to make proper and sufficient compensation to plaintiffs for the time consumed by plaintiffs in clothes-changing * * *." Paragraph VIII alleges, "That during part of the employment of the plaintiffs by defendant as aforesaid, the plaintiffs engaged preliminarily and postliminarily in activities which were compensable by contract or by custom or practice at the place of plaintiffs' employment in effect at the time the activities were performed and the defendant failed and neglected to take such activities into account in paying compensation * * *." Finally paragraph IX sets forth, "That during part of the period of employment of plaintiffs by defendant as aforesaid, the defendant failed and neglected to include night shift differentials and special premium payments in the regular rate of pay for overtime compensation purposes * * *."

In so far as the actions seek to enforce liability for activities engaged in prior to May 14, 1947, the averments of the amended complaints do not set forth sufficient facts to permit this court to take jurisdiction over the subject matter. The failure to assert, as in paragraphs VII and IX of the complaints, that the specific provisions of a contract and that the activities involved were compensable by those provisions, or facts from which a custom or practice to compensate may be inferred is fatal to the complaint. Sinclair v. United States Gypsum Co., D.C.W.D.N.Y., 81 F. Supp. 365; Hays v. Hercules Powder Co., D.C.Mo., 7 F.R.D. 747. Allegations, as in paragraphs VIII of the complaints, merely couched in or paraphrased in the language of the Portal-to-Portal Act will not suffice. Sadler v. W. S. Dickey Clay Manufactur-

ing Company, D.C.W.D.Mo., 78 F.Supp. 616. Also see Hutchings v. Lando, D.C. S.D.N.Y., 83 F.Supp. 615; Smith v. Cudahy Packing Co., D.C.Minn., 76 F.Supp. 575; Borucki v. Continental Baking Co., D.C. N.Y., 74 F.Supp. 815; Moeller v. Eastern Gas & Fuel Associates, D.C.Mass., 74 F. Supp. 937.

On the authority of Sec. 1653, Title 28 U.S.C.A., which provides: "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts", this court issued the orders permitting the complaints to be amended within thirty days in order to allege the required jurisdictional facts. In each of the actions, the plaintiffs have failed to meet the terms of the order.

The provisions of Sec. 2 of the Portal-to-Portal Act limiting the jurisdiction of the Federal Courts in actions under the Fair Labor Standards Act of 1938 relate solely to those actions based upon activities engaged in prior to May 14, 1947, the date on which the Portal-to-Portal Act became law. With respect to any liability which might have come into existence on or after the critical date, the complaints set forth sufficient jurisdictional facts. Consequently the motions to dismiss for lack of jurisdiction must, in part, be overruled. Rule 8(a) (2) of the Federal Rules of Civil Procedure requires us to overrule the motions to dismiss for failure to state a claim. Continental Collieries, Inc., v. Shober, 3 Cir., 130 F.2d 631, 635; Hess et al. v. Factors Corporation of America, D.C.E.D.Pa., 80 F.Supp. 727; 2 Moore's Federal Practice, 2d Ed., Sec. 12.08. On the other hand, we feel that the motion for a more definite statement under Rule 12(e) is an appropriate one.

Accordingly, the motions to dismiss for lack of jurisdiction, except insofar as they are directed to the actions to enforce liability for activities engaged in prior to May 14, 1947, are denied without prejudice; the motions to dismiss for failure to state a claim upon which relief can be granted are overruled; the motion in civil action No. 6992 for a more definite statement, upon the presentation of an appropriate order by the defendant in that action, will be allowed.