MANOSKY et al. v. BETHLEHEM–HINGHAM SHIPYARD, Inc.

No. 4424.

United States Court of Appeals
First Circuit.

Nov. 9, 1949.

530

Nyman H. Kolodny, Boston, Mass., for appellants.

Claude R. Branch, Boston, Mass. (Harold R. Medina, Jr., New York City, on the brief), for appellee.

Before MAGRUDER, Chief . Judge, WOODBURY, Circuit Judge, and CLIFFORD, District Judge.

MAGRUDER, Chief Judge.

On this appeal, the main question is as to the sufficiency of a complaint under the Fair Labor Standards Act of 1938, 52 Stat. 1060, 29 U.S.C.A. § 201 et seq.; specifically whether, in order to come within the limiting provisions of § 2 of the Portal-to-Portal Act of 1947, 61 Stat. 84, 29 U.S.C.A. § 252, it was enough to allege in general terms, in the language of the Act, that the activities for which overtime compensation was claimed were compensable by express provision of a written or nonwritten contract, or by a prevailing custom or practice not inconsistent with any such contract. We think the answer to this question is in the affirmative, and that the district court was in error in granting defendant's motion to dismiss.

There is also a question as to the accessory or pendent jurisdiction of the federal court, having jurisdiction of a case because it arises under a federal statute, to adjudicate a related nonfederal claim as to which there existed no independent basis of federal jurisdiction.

The original complaint, which embraced the separate claims of two employees of defendant, Manosky and Sheppard, was filed on December 26, 1946. Diversity of citizenship was not alleged, but there were claims stated for overtime compensation and liquidated damages pursuant to § 16(b) of the Fair Labor Standards Act, an "Act of Congress regulating commerce", so that the court below had jurisdiction under 28 U.S.C.A. § 41(8) (1946 Ed.), now 28 U.S.C.A. § 1337, irrespective of the value of the matter in controversy. Consolidated Timber Co. v. Womack, 9 Cir., 1942, 132 F.2d 101, 104. It was alleged that from and after 1942 defendant has been continuously engaged in the business

of manufacturing ships and marine equipment at Hingham, Massachusetts; that its products upon completion were shipped and transported in interstate commerce; that during the years 1942 to 1945 defendant engaged Manosky and Sheppard as mechanics in said business; that plaintiff Sheppard, during the time of his employment as aforesaid, to wit, at various times between December 1, 1942, and July 1, 1945, "worked a great number of workweeks longer than forty (40) hours and has not received compensation for the excess of such workweeks longer than forty (40) hours in whole or in any part, and for such overtime said Sheppard is entitled to recover in this action at the rate of one and one-half times the regular hourly rate at which he was employed; and such unpaid compensation for such overtime amounts to at least two thousand ($2000) dollars, and perhaps more, and in addition thereto the same amount as liquidated damages." A claim for statutory overtime compensation on behalf of plaintiff Manosky was also stated in similar terms. The complaint further alleged that "plaintiffs are unable to state at the present time with more exactness the amounts which they are respectively entitled to recover, as aforesaid, because all records, books, accounts and papers relating thereto are retained by the defendant and kept in its possession, and the plaintiffs have no access thereto."

The foregoing allegations stated a good claim under the Fair Labor Standards Act. Section 7(a) of that Act provides in effect that any employee who is engaged in interstate commerce or in the production of goods for interstate commerce (the latter phrase by definition—§ 3 (j)—including any process or occupation necessary to the production of goods for commerce), and who is employed for a workweek longer than 40 hours, shall be paid compensation by his employer for such excess hours "at a rate not less than one and one-half times the regular rate at which he is employed." Section 16(b) provides that an employer who violates the overtime provisions of § 7(a) shall be liable to the employee for the amount of the statutory overtime compensation plus an additional equal amount as liquidated damages, and that action to recover such liability may be maintained "in any court of competent jurisdiction". It is true, the complaint did not in so many words allege that Manosky and Sheppard were engaged in the production of goods for interstate commerce. But this is not fatal. Castaing v. Puerto Rican American Sugar Refinery, Inc., 1 Cir., 1944, 145 F.2d 403. As stated in 2 Moore's Federal Practice (2d Ed.) par. 8.13, p. 1653, "the courts have ruled time and again that a motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim. If, within the framework of the complaint, evidence may be introduced which will sustain a grant of relief to the plaintiff, the complaint is sufficient." To the same effect see Stratton v. Farmers Produce Co., Inc., 8 Cir., 1943, 134 F.2d 825, 827; Continental Collieries, Inc. v. Shober, 3 Cir., 1942, 130 F.2d 631, 635; Dennis v. Village of Tonka Bay, 8 Cir., 1945, 151 F.2d 411, 412; Clyde v. Broderick, 10 Cir., 1944, 144 F.2d 348, 351. In the present case, proof in support of the allegations of the complaint that the employees were engaged as mechanics in a plant manufacturing ships and marine equipment destined for interstate commerce would, indeed, almost inevitably establish that they were engaged "in the production of goods for commerce" within the meaning of the Act. The pleading in this particular is certainly sufficient as against a motion to dismiss.

On May 14, 1947, while the original complaint was pending, the Portal-to-Portal Act of 1947, 29 U.S.C.A. § 251 et seq., became law. As is well known, the Act was an aftermath of the decision of the Supreme Court in Anderson v. Mt. Clemens Pottery Co., 1946, 328 U.S. 680, 66 S.Ct. 1187, 90 L.Ed. 1515. Section 2(a) of that Act provides that no employer shall be subject to any liability under the Fair Labor Standards Acts of 1938 (in any action or proceeding commenced prior to or on or after May 14, 1947), on account of the failure of such employer to pay an em-

ployee overtime compensation, for or on account of an activity of an employee engaged in prior to May 14, 1947, "except an activity which was compensable by either—

"(1) an express provision of a written or nonwritten contract in effect, at the time of such activity, between such employee, his agent, or collective-bargaining representative and his employer; or

"(2) a custom or practice in effect, at the time of such activity, at the establishment or other place where such employee was employed, covering such activity, not inconsistent with a written or nonwritten contract, in effect at the time of such activity, between such employee, his agent, or collective-bargaining representative and his employer."

Section 2(b) provides that for purposes of subsection (a) "an activity shall be considered as compensable under such contract provision or such custom or practice only when it was engaged in during the portion of the day with respect to which it was so made compensable."

■ Apparently having in mind the possibility that this substantive provision of § 2(a) and (b), in its retroactive application, might be held unconstitutional under the Fifth Amendment as a taking away without due process of law of rights already vested, Congress included in the Portal-to-Portal Act a further provision cast in jurisdictional terms. Section 2(d) provides that no court of the United States, of any State, Territory, or possession of the United States, or of the District of Columbia, "shall have jurisdiction of any action or proceeding, whether instituted prior to or on or after the date of the enactment of this Act, to enforce liability or impose punishment for or on account of the failure of the employer to pay * * * overtime compensation under the Fair Labor Standards Act of 1938, as amended, * * * to the extent that such action or proceeding seeks to enforce any liability or impose any punishment with respect to an activity which was not compensable under subsections (a) and (b) of this section." But, as pointed out in Battaglia v. General Motors Corp., 2 Cir., 1948, 169 F.2d 254, certiorari

denied 1948, 335 U.S. 887, 69 S.Ct. 236, the constitutional infirmity, if any such existed, could not be circumvented by the aforesaid jurisdictional provision, and the provisions of § 2(a) and § 2(d) "will stand or fall together." 169 F.2d at page 257. The point has become academic, since it may now be taken as settled that § 2(a) is constitutional. Battaglia v. General Motors Corp, supra; Thomas v. Carnegie-Illinois Steel Corp., 3 Cir., 1949, 174 F.2d 711, and cases cited.

■ Since under the Portal-to-Portal Act an employer is liable for statutory overtime compensation only in respect of activities which were compensable by contract or custom, it follows that a complaint for overtime compensation which was filed prior to May 14, 1947, even though it was sufficient under the law as it then stood, became after that date subject to a motion to dismiss for failure to state a claim upon which relief could be granted, in the absence of amendment of the complaint to allege that the activities for which overtime compensation was claimed were compensable by contract or custom as provided in the Portal-to-Portal Act. Holland v. General Motors Corp., D.C.W.D.N.Y.1947, 75 F.Supp. 274, affirmed sub nom. Battaglia v. General Motors Corp., supra. This consequence would follow from § 2(a) of the Portal-to-Portal Act even without the aid of § 2(d). See Seese v. Bethlehem Steel Co., D.C.Md.1947, 74 F.Supp. 412, 416, affirmed 4 Cir., 1948, 168 F.2d 58. If the matter were otherwise doubtful, § 2(d) would clinch the point; but apart from this, we cannot see that § 2(d) in practical effect adds anything to the statute not already provided for in § 2(a).

Therefore, the defendant in the case at bar, being well advised in the premises, filed on June 23, 1947, a motion to dismiss the action on the ground that the complaint "fails to state a claim against the defendant upon which relief can be granted under the Portal-to-Portal Act of 1947". Thereafter, on February 27, 1948, plaintiffs moved to amend their complaint, and the amendment was allowed by the court on March 15, 1948.

To meet the requirement of the Portal-to-Portal Act, the amended complaint, in respect of plaintiff Sheppard, contained the additional allegation that "all the activities of said Sheppard in his said overtime work were compensable by an express provision of a written or nonwritten contract in effect, at the time of such activities, between said Sheppard and the defendant, or were compensable by a custom and practice in effect, at the times of such activities, at the place where said Sheppard was employed by the defendant, covering such activities, not inconsistent with a written or nonwritten contract, in effect at the times of such activities, between said Sheppard and the defendant; and all said activities of said Sheppard were compensable under such contract provision or such custom or practice when they were engaged in during the portions of the days with respect to which they were made so compensable, and were compensable, at the times when they were engaged in within the meaning of subsections (a) and (b) of section 2 of the Portal-to-Portal Act of 1947".

A similar allegation was added in respect of plaintiff Manosky. Defendant filed a second motion to dismiss the action, on the ground that the amended complaint failed to state a claim upon which relief could be granted and also failed "to state facts giving this court jurisdiction of the action." Certain further proceedings took place, which we need not state. Finally, on February 16, 1949, the court below entered judgment dismissing the complaint in its entirety.

Appellee contends in support of the judgment of dismissal that since the enactment of the Portal-to-Portal Act, it was incumbent upon the plaintiffs to set forth in the complaint the specific activities for which they sought overtime compensation and the express provision of a contract or custom rendering such activities compensable. This view is not without support in decisions of other district courts. See, for instance, Smith v. Cudahy Packing Co., D.C.Minn.1947, 76 F.Supp. 575, 579, appeal dismissed 8 Cir., 1949, 172 F.2d 223; Sadler v. W. S. Dickey Clay Mfg. Co., D.C.

W.D.Mo.1948, 78 F.Supp. 616, 618; Hutchings v. Lando, D.C.S.D.N.Y.1949, 83 F. Supp. 615. But we find nothing in the terms of the Portal-to-Portal Act prescribing in this particular a stiffer rule of pleading than otherwise is generally applicable under the Federal Rules of Civil Procedure, 28 U.S.C.A. We are clear that the complaint as amended contains a sufficient statement of a claim under the Fair Labor Standards Act and the Portal-to-Portal Act, in accordance with the nontechnical provision of Rule 8(a); and that the more exacting requirement contended for is contrary to the whole spirit of the simplified pleading as formulated in the Rules. See 1 Moore's Federal Practice (1938) p. 440; Clark, Simplified Pleading, 2 F.R.D. 456; Commentary, Proper Generality of Allegation in Pleading under the Federal Rules, 4 Federal Rules Service Rule 8a.24; Hickman v. Taylor, 1947, 329 U.S. 495, 501, 67 S.Ct. 385, 91 L.Ed. 451; Clyde v. Broderick, 10 Cir., 1944, 144 F.2d 348, 349-350. The result is no different if the requirement that the activities must be compensable by contract or custom is stated to be "jurisdictional". Thus, for instance, when federal jurisdiction is invoked on the ground of diversity of citizenship, it is enough to allege, in addition to the jurisdictional amount, that "Plaintiff is a citizen of the State of Connecticut and defendant is a corporation incorporated under the laws of the State of New York." See Form 2, Appendix of Forms attached to Rules of Civil Procedure, 28 U.S.C.A. It is not necessary, in other words, for the pleader to set forth the underlying facts supporting the ultimate conclusion that he is a citizen of Connecticut, nor does he have to attach to the complaint a certified copy of the defendant's certificate of incorporation in New York. Of course, if the allegations of diversity are denied, plaintiff is put to his proof.

Reading the complaint in the case at bar, we find nothing to indicate that plaintiffs were seeking to recover overtime compensation for travel time to or from the place of performance of their principal activity as mechanics, or for activities, such as washing up or changing

clothes, which are preliminary or postliminary to said principal activity. It strikes us that the plaintiffs have been trying all along to state a claim for statutory overtime compensation for excess hours put in by them in their principal productive activity as mechanics, which activity would certainly be compensable under the prevailing collective bargaining agreement. The complaint should not have been dismissed, in view of the generally accepted view that a motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim. See the authorities cited earlier in this opinion to that effect. The complaint as amended serves its purpose of "general notice-giving", 329 U.S. at page 501, 67 S.Ct. at page 388; and if, as stated in defendant's brief, it "believes that it has properly compensated the plaintiffs for everything which they did", then it would seem that it should file an answer denying the allegations of the complaint. If defendant is still dissatisfied with the generality of the complaint, various of the Rules are available to it to save it from any actual prejudice, for example, Rules 12(e), 16, 33, 34, 56. But the complaint cannot be thrown out at the threshold.

■ With reference to Manosky alone, the complaint and amended complaint contained a further allegation which we have so far not mentioned. It was alleged that defendant agreed to pay Manosky, in addition to his basic hourly wage, an incentive bonus scaled according to his speed in completing certain specified jobs; that defendant falsely computed the number of hours on account of which Manosky was entitled to receive such incentive payments. Manosky sought recovery for the amount of incentive payments due and unpaid, and in addition thereto an equal amount as "liquidated damages", evidently proceeding under the erroneous theory that defendant's liability for such incentive payments rested on the Fair Labor Standards Act. The Act imposes no such liability. The claim for incentive payments is nonfederal in character, and must be based upon the contract alone.

However, it does not follow that the complaint should be dismissed in so far as it makes claim for such incentive payments. The variable amounts to which Manosky may prove to be entitled on account of incentive payments from week to week will be an element in the computation of "the regular rate" at which Manosky was employed, which, in turn, is a factor in calculating the amount of the time and one-half overtime compensation which may be due under § 7(a) of the Fair Labor Standards Act. See Walling v. Harnischfeger Corp., 1945, 325 U.S. 427, 431, 65 S.Ct. 1246, 89 L.Ed. 1711. Thus, a determination of the amount of incentive payments earned will be necessary to the disposition of the claim under the Federal Act. See Osborn v. Bank of United States, 1824, 9 Wheat. 738, 821, 6 L.Ed. 204. The case or controversy between plaintiffs and defendant, broadly stated, involved a dispute over how much was owed to the two employees on account of their work as mechanics during the period in question. Though there was no independent basis of federal jurisdiction over the claim for unpaid incentive payments, the court below, having acquired jurisdiction of the case in its entirety, had an incidental or pendent jurisdiction to adjudicate not only the federal claim, but also the related nonfederal claim with which it was so closely interwoven. See Hurn v. Oursler, 1933, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148; Strachman v. Palmer, 1 Cir., 1949, 177 F.2d 427.

The judgment of the District Court dismissing the complaint is reversed and the case is remanded to that court for further proceedings not inconsistent with this opinion; the appellants recover costs on appeal.

WOODBURY, Circuit Judge (dissenting).

Even though the jurisdictional limitation contained in § 2(d) of the Portal-to-Portal Act may add nothing to its constitutional validity, nevertheless that section remains a part of that Act with the result that the statute is in fact both substantive and jurisdictional. It not only limits the substantive

right to overtime compensation conferred by the Fair Labor Standards Act as that Act was construed by the Supreme Court in the Mt. Clemens Pottery Co. case, but it also takes away the power of any court even to consider claims outside the substantive right as limited therein. To be sure the substantive provision of § 2(a) and the jurisdictional provision of § 2(d) overlap. But I cannot regard the jurisdictional provision as adding nothing in practical effect to the substantive provision.

The jurisdictional provision of § 2(d), it seems to me, has the effect of requiring a plaintiff to allege, in addition to a substantive claim upon which relief can be granted, a claim which is within the jurisdiction of the court to consider. And this is not a distinction without a difference, for a general allegation of a substantive right may be adequate under the liberal provisions of the Federal Rules of Civil Procedure, but inadequate under the stricter requirement that a plaintiff "must allege in his pleading the facts essential to show jurisdiction." McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135.

It may be true that the plaintiffs' general allegations are enough to show jurisdiction in the first instance if allowed to pass unchallenged. But "The trial court is not bound by the pleadings of the parties, but may, of its own motion, if led to believe that its jurisdiction is not properly invoked, 'inquire into the facts as they really exist.'" McNutt v. General Motors Acceptance Corp., supra, 298 U.S. 184, 56 S.Ct. 783, and cases cited. And apparently the court below, either by the defendant's motion to dismiss or sua sponte, it makes no difference which, was led to believe that its jurisdiction was not being properly invoked. At any rate, its jurisdictional suspicions were sufficiently aroused to induce it to grant the defendant's motion to dismiss for lack of jurisdiction, with leave however, to the plaintiffs to amend by setting forth "clearly, concisely and exactly the specific contract or custom upon which they rely," or by attaching to their amendment or incorporating therein by specific reference "an express contract or custom" binding

the defendant to pay them overtime compensation "for the activities for which this claim is filed." And this the plaintiffs failed to do, but responded only with further generalities. Under these circumstances the suspicions of the court below as to its jurisdiction in the premises could only be confirmed, and therefore in my view it properly dismissed the plaintiffs' complaint for failure to allege facts essential to its jurisdiction.

Whether Congress intended its jurisdictional provision to provide a means for weeding out in advance of trial claims for overtime compensation for activities which are preliminary or postliminary to a principal activity, unless based on an express contract or custom, as is possible, or intended its jurisdictional provision only as a peg upon which to hang a holding that the Act is constitutional, is unimportant. The presence of that provision in the Portal-to-Portal Act, it seems to me, necessarily has the effect of requiring a plaintiff to plead specifically, if challenged by the defendant or the court, the facts essential to show that his claim is not outside the substantive limitations of the Act, and to warrant dismissal for lack of jurisdiction if he is either unwilling or unable to do so.