**WILLIAMS v. PETERS et al.**
**Civ. No. 8710.**

United States District Court
D. Massachusetts.

June 27, 1950.

Frederick J. Smith, Buzzards Bay, Mass., for plaintiff.

George F. Garrity, U. S. Atty., Harry Bergson, Jr., Asst. U. S. Atty., Boston, Mass., for defendants.

McCARTHY, District Judge.

This is a case which defendants have removed to this Court from the Superior Court of the Commonwealth of Massachusetts for Barnstable County under the provisions of 28 U.S.C.A. § 1442(a) (1). The plaintiff has filed a motion to remand and defendants a motion to dismiss on the grounds that the complaint fails to state a claim on which relief can be granted.

On March 16, 1950, the Court pointed out in a memorandum that the removal petition was defective but permitted defendants to amend. At that time the plaintiff was ordered to furnish to the Court a more definite statement of her claim for relief. The plaintiff subsequently filed an affidavit particularizing her claim to some extent; the affidavit, however, was in rambling, narrative form. The defendants, meanwhile, have amended their removal petition and have filed certain affidavits.

The plaintiff claims conspiracy, malicious interference with contract of employment and slander. It would serve no good purpose to detail the matters set out in the respective affidavits.

As to the motion to remand—the difficulty in determining whether the case is properly here is occasioned by the fact that the alleged statements and actions which the plaintiff says have injured her are several in number. This is not a case where only one act or statement is in issue and which was made either clearly under color of office or clearly not under such color. However, I am of the opinion after perusing the pleadings and affidavits that the defendants have now made out a prima facie case for removal. If there are some actionable acts or statements which have been made outside the scope of the defendants' authority, the liability for the same may be determined at the same time here. Cf. 28 U.S.C.A. § 1441(c). But their possible existence in the case should not, it seems to me, prevent the removal of matters which seem, prima facie, to fall within § 1442(a) (1). The plaintiff's objection to the mechanics of removal employed in this case is patently sleeveless in the light of § 1446, especially subsection (c) of same. Nor am I impressed with the argument that removal was sought under the wrong statute. As long as facts justifying removal are alleged, it seems to me a matter of little moment whether technically it should have been petitioned under 10 U.S.C.A. § 1589. Assuming, but not deciding, that the plaintiff's argument is correct, the Court would, in the interests of justice, allow an amendment to the removal petition. The result, in any event, would be the same.

The defendants' motion to dismiss is another matter, however. Absent any affidavits or other extrinsic matters, the Complaint (or Declaration as it was properly denominated when the suit was brought in the State Court) appears to set forth a claim for relief. The defendants' position

in essence is that, by their affidavits and from the complaint and plaintiff's affidavit, their defense that the acts and statements were performed and uttered under color of office and that therefore they are immune from liability is established as a matter of law. But the same inherent difficulty which gave the Court pause in deciding the motion to remand is again present.

 There are involved grave factual questions as to whether these defendants have acted under color of office.[1] The mere fact that the defendants have made out a prima facie case for purposes of removal should not preclude the plaintiff from showing, or attempting to show, that the facts are not such as the defendants allege them to be. Plaintiff's affidavit (p. 3) sets out statements which, if proved to have occurred under the circumstances narrated, might well be said to have been personal rather than official. A motion to dismiss should not be granted unless it appears to a certainty that plaintiff would be entitled to no relief under any state of facts which could be proved in support of her claim. Manosky v. Bethlehem-Hingham Shipyard, 1 Cir., 177 F.2d 529. If the defendants rely on their affidavits on the motion to dismiss, they set up matters of defense not appearing on the face of the complaint and if the Court considers same, the motion must be treated as a motion for summary judgment. Rule 12(b), Fed. Rules Civ. Proc., 28 U.S.C.A. William J. Kelly Co. v. R. F. C., 1 Cir., 172 F.2d 865. I am unwilling to say that there is no question of disputed fact here. Rather it would appear that the case turns on several questions of fact which should be determined at the trial. Meanwhile, the defendants have at their disposal the various methods of discovery provided by the Rules of Civil Procedure.

After careful consideration of the motion to dismiss I am of the opinion that the legal questions involved can be more suitably and justly determined at the time of trial when the evidence will reveal precisely the circumstance under which the alleged acts and statements took place.

1) Motion to remand denied.

2) Motion to dismiss denied without prejudice to its renewal at time of trial, Rule 12(d), F.R.C.P.

1. Consider the language in Gibson v. Reynolds, 8 Cir., 172 F.2d 95, at page 98: "The law does not contemplate the administration of official duty for the purpose of the attainment of the officer's personal ends or to satisfy his selfish personal motives of spite, ill-will, revenge, greed or avarice. When an officer performs an act under color of his office with such motives as the actuating cause or clearly without any right to act, he is not acting within the scope of his authority and the cloak of his office furnishes him no protection from civil actions for an injury perpetrated"; and 172 F.2d at page 100: "It is when * * * facts are made to appear which justify the conclusion that the officer was maliciously pursuing the litigant and not the attainment of the object of his statutory duty that he will be held to have been acting beyond the scope of the authority of his office and the immunity which would otherwise have existed ceases." In the instant case the plaintiff alleges that the defendants "did discuss and plot" to make the allegedly false and malicious statements for the purpose of obtaining her discharge from her employment.