**Urho L. WERTANEN, Theodore H. Stahl and Dwayne A. Schuster, Plaintiffs,**

v.

**WELDUCTION CORPORATION, a Michigan corporation, Defendant.**

Civ. A. 15592.

United States District Court
E. D. Michigan, S. D.

March 22, 1957.

Travis & Warren, Milton Roberts, Detroit, Mich., for plaintiffs.

Carey & Carey, Detroit, Mich., for defendant.

LEVIN, District Judge.

This is a motion to strike count II of a two-count complaint. Count I states a substantial federal claim asserted in this suit brought within the statutory period by three employees against their former employer, for failure to pay overtime wages as required by the Fair Labor Standards Act, 29 U.S.C.A. § 216 (b). Count II states a claim under state law against the employer for breach of oral contracts to pay the same overtime wages alleged in count I. The question raised by this motion is whether the Court has jurisdiction to entertain the count based on contract in the absence of diversity of citizenship.

According to Hurn v. Oursler, 1933, 289 U.S. 238, 53 S.Ct. 586, 589, 77 L.Ed. 1148, when a case presents a substantial federal question the Court has jurisdiction to dispose of all grounds, either federal or state, which are "in support of a single cause of action." In Hurn, the District Court, after dismissing a copyright infringement claim on the merits, dismissed for want of jurisdiction a claim for unfair competition of the same copyrighted play. The unfair competition claim was a tort under the common law of New York. The Supreme Court held that the District Court had jurisdiction to dispose of the state law tort claim on the merits because it was merely a separate ground in the prosecution of a single legal right —the right to protect the copyrighted play. The Court ruled that there was but a single cause of action when the

facts "considered severally or in combination" show the "violation of but one right by a single legal wrong."

The complaint in the instant case alleges a single cause of action within the meaning of the test set out in the Hurn case. The single legal right to be protected is the right to receive accrued overtime wages earned by the plaintiffs while employed by the defendant. The single legal wrong alleged is the failure to pay those wages when due. Here, as in Hurn, the single legal right is protected by both state common law and a federal statute.

In this case, a single set of facts supports both claims. In both counts recovery for each plaintiff depends upon proof of a single contract of employment, the number of hours which the plaintiffs worked per week as employees of the defendant, and the plaintiffs' regular rates of pay. For any period which the plaintiffs recover under the statutory count they are thereby barred from recovery on the common law count.

In Manosky v. Bethlehem-Hingham Shipyard, 1 Cir., 1949, 177 F.2d 529, an F.L.S.A. overtime wage claim was joined with a contract claim under state law for false computation of the number of hours on which the plaintiff was to be paid incentive bonuses for speed in performing his work. The Court held that the facts were so "interwoven" that there was jurisdiction over both claims. No discussion is necessary to point out the much greater identity of facts under both counts in the instant case.

The defendant contends, further, that since the two claims here are governed by different statutes of limitations, (two years for the statutory claim—six years for the common law claim) the singleness of the cause of action is destroyed. The statutes of limitations merely regulate the time in which the claims must be asserted. Although the opinions do not indicate that the point was raised or considered, the following cases have permitted joinder of nonfederal claims to federal claims although the statutes of limitations differed. In the Manosky

case, supra, the federal limitation was two years and the Massachusetts limitation was six years. See, also, Bucky v. Sebo, 2 Cir., 1953, 208 F.2d 304 (joinder of six-year federal claim with ten-year New York claim); Mullen v. Fitz Simons and Connell Dredge & Dock Co., 7 Cir., 1948, 172 F.2d 601, certiorari denied, 1949, 337 U.S. 959, 69 S.Ct. 1534, 93 L. Ed. 1758 (joinder of three-year federal claim with a nonfederal claim not limited by statute).

Accordingly, the motion to dismiss is denied.